IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cr-00327-7 |
| | ) | |
| **DENNIS GREEN** | ) | |

**ORDER MODIFYING CONDITIONS OF RELEASE**

The defendant Dennis Green appeared for arraignment on October 18, 2022. For purposes of arraignment, and subject to any later substitution of counsel, the Court appointed counsel, Ben Russ, who also appeared.[1] Assistant U.S. Attorney Amanda Klopf appeared for the United States. The defendant previously appeared for an initial appearance in the Western District of Virginia, at which time an order setting conditions of release was entered. (Docket No. 26-5.)

From the entire record, and pursuant to 18 U.S.C. § 3142(c)(3), the Court finds and concludes that the conditions of release are appropriately modified to conform to the conditions of release this Court would impose.[2] Specifically, the conditions of release previously imposed are modified as follows:

---

[1] The defendant stated that he intended to retain counsel.

[2] *See e.g. United States v. Emakoji*, 990 F.3d 885, 892 (5th Cir. 2021) (recognizing that court in district of prosecution can modify conditions of pretrial release set by court in district of arrest); *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986) ("the most informed decisions [about conditions of release] will almost always be made in the charging district"); *United States v. Durham*, No. 1:11-cr-042-JMS-KPF, 2011 WL 1330850, at *2 (S.D. Ind. Apr. 7, 2011) (magistrate judge in charging district has authority under § 3142(c)(3) to modify conditions of release set by court in arresting district); *United States v. Altamirano-Nunez*, Cr. No. 07-100S, 2007 WL 2783161, at *2 (D. R.I. Sept. 21, 2007) (magistrate judge in prosecuting district has "discretion to alter and even revoke the conditions imposed by the magistrate [judge] in the arresting jurisdiction").

1. The restriction on travel, Condition 7(f), is modified to permit the defendant to travel to the Eastern District of Virginia and to the Eastern District of Pennsylvania for work provided he notifies Pretrial Services in advance of the purpose and nature of the work, the location of travel, and the dates of travel.

2. The restriction on the defendant's presence at or near facilities that provide reproductive health services, Condition 7(v), is modified and expanded and now instructs as follows:

> The defendant must not enter or be within 50 feet of any building or the curtilage of any building, or cause any other person by his direction or otherwise, to enter or be within 50 feet of any building or the curtilage of any building in which a facility that provides reproductive health services is located without prior approval of Pretrial Services.

3. The condition restricting all contact directly and indirectly with victims and witnesses, Condition 7(g), is modified to include co-defendants, except that the defendant may have contact with co-defendants who are family members or close friends, but not about this case.

4. The condition requiring reporting of every contact with law enforcement personnel, Condition 7(s), is modified to require that the mandatory reporting be made within 48 hours of the contact.

5. The following conditions are added:

   a) The defendant must maintain or actively seek employment.

   b) The defendant must permit Pretrial Services to visit at home or elsewhere without advance notification within the discretion of Pretrial Services and must permit confiscation of any contraband observed in plain view of the Pretrial Services officer(s).

6. All other conditions of release previously imposed by the Western District of Virginia on October 6, 2022 (Docket No. 26-5) and not modified herein remain unchanged and in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge