# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

UNITED STATES OF AMERICA　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) 　　Criminal No.  3:22-cr-00327
　　　　　　　　　　　　　　　　　　　) 　　Judge Trauger
[1]  CHESTER GALLAGHER,　　　　　　)
[2]  HEATHER IDONI　　　　　　　　　)
[3]  CALVIN ZASTROW　　　　　　　　)
[4]  COLEMAN BOYD　　　　　　　　　)
[6]  PAUL VAUGHN　　　　　　　　　　)
[7]  DENNIS GREEN　　　　　　　　　　)

## MEMORANDUM AND ORDER

On October 5, 2023, the government sent a Rule 404(b) letter to all defendants in this case, giving notice of its intent to introduce in its case in chief the participation by various of the defendants in numerous other abortion clinic blockades around the country.  Since the sending of that notice, the four defendants charged only with misdemeanors in this case have been severed and will be tried before the Magistrate Judge.  In addition, the government's response to the defense motions objecting to the admissibility of this evidence has narrowed the government's intended evidence to three blockades as follows:

1. A blockade in Sterling Heights, Michigan on August 27, 2020, in which defendants Gallagher, Idoni, Boyd, Calvin Zastrow, and Caroline Davis participated.  All but Boyd have been indicted federally and are awaiting trial in April 2024; Davis has pled guilty.

2. A blockade in Little Rock, Arkansas on January 15, 2021, in which Gallagher, Calvin Zastrow, Green, and Idoni have been convicted of misdemeanor trespass in state court.

3. A blockade in Ft. Myers, Florida on January 27, 2022, in which Gallagher and Calvin Zastrow have been convicted of misdemeanor trespass in state court.

All six defendants scheduled for trial before this judge on January 16, 2024 have filed motions to exclude this evidence (Doc. Nos. 330, 331, 333, 336, 337, 338), and the government has filed a consolidated Response (Doc. No. 346).

The government first argues that the evidence of the Sterling Heights, Michigan blockade is "intrinsic" to the conspiracy charge and inextricably intertwined with the anticipated testimony of cooperating co-defendant Caroline Davis. For this exception to Rule 404(b), the court looks to temporal proximity, causal relationship and spacial connections between the proffered evidence and the charges being tried. *U.S. v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). The Michigan blockade was on August 27, 2020; the conspiracy as charged in this case took place between February 10 and March 5, 2021, some six months later. The government maintains that Davis will testify that this was a continuing conspiracy among various defendants to engage in abortion clinic blockades and that her testimony about the Michigan blockade is necessary to explain how she became involved in the charges in this case, centered in Mt. Juliet, Tennessee. But not all of the six defendants being tried here were involved in the Michigan blockade, and this conspiracy as charged did not begin until almost six months after the Michigan blockade. These two events were "no single criminal episode," and the acts in Michigan were not "necessary preliminaries to the crime charged." *U.S. v. Sumlin*, 956 F.3d 879, 889-90 (6th Cir. 2020).

The Michigan blockade evidence is not intrinsic, *res gestae* evidence of the conspiracy in this case but, instead, extrinsic evidence not probative of the charged offenses. Davis may certainly testify about her own actions in Michigan and her plea of guilty to the Michigan charges, but the participation of the other defendants in the Michigan blockade will be excluded. The government must satisfy the requirements of Rule 404(b) if this evidence is to be admitted.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with

the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "In order to admit evidence under Rule 404(b), the proponent of the evidence must identify the specific purpose for which the evidence is being offered." *United States v. Feagan*, 472 F. App'x 382, 389 (6th Cir. 2012) (citing *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996)).

The government has narrowed its proffered purposes for the admission of this evidence to intent, motive, and "co-defendant associations to commit the charged offense." (Doc. No. 346 at 6). The government argues that it must prove that the defendants had the intent to intimidate or interfere and that the motivation for their actions related to the providing of reproductive health services . The government maintains that the defendants *may* place these elements in issue by claiming that they were engaging in lawful First Amendment activity and that it was simply coincidental that they were all at the clinic at the same time. This is certainly speculation on the government's part, but it remains true that the government must prove the requisite intent and motivation, which is a sufficient permissible purpose under Rule 404(b).

If the government succeeds in establishing some permissible probative value for admitting the 404(b) evidence, the court must proceed to decide whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. An important factor in balancing unfair prejudice against probative value is the availability of other means of proof. *Huddleston v. U.S.*, 485 U.S. 681, 688 (1988); *U.S. v. Hardy*, 643 F.3d at 143, 153 (6th Cir. 2011). Of course, the court has not yet seen the evidence that will be introduced by the government in this case. However, defense counsel, who has seen the evidence, argues that it is abundant, in the form of Facebook videos, police body cam videos, building surveillance videos, texts, chats, emails, hotel reservations, and the testimony of law enforcement representatives, clinic patients, clinic staff, and

cooperating co-defendant Caroline Davis. It takes little imagination for the court to conclude that these other sources of proof will adequately present evidence of the required intent, motivation and association of these defendants with one another in a conspiracy to violate the FACE Act. Moreover, evidence of the participation of some of the defendants in blockades before and after the Mt. Juliet blockade at issue in this case will be inflammatory propensity evidence, the probative value of which is substantially outweighed by the danger of unfair prejudice.

Moreover, the presentation of evidence about three additional blockades, participated in by various of the defendants (but not all of them) over a 17-month period in three different places (but not Mt. Juliet) will inordinately extend the time to try this case and inevitably confuse the jury.

For these reasons, the defendants' motions to exclude evidence from the government's case in chief relating to the blockades in Sterling Heights, Michigan, Little Rock, Arkansas, and Ft. Myers, Florida (Doc. Nos. 330, 331, 333, 336, 337, 338) are GRANTED. This ruling does not foreclose the possibility that some of this evidence may become admissible, depending upon developments at trial and testimony by the defendants.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge