IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-cr-00327 |
| v. | ) | |
| | ) | |
| | ) | Hon. Aleta Trauger |
| [1] CHESTER GALLAGHER | ) | |
| [2] HEATHER IDONI | ) | |
| [3] CALVIN ZASTROW | ) | |
| [4] COLEMAN BOYD | ) | |
| [6] PAUL VAUGHN | ) | |
| [7] DENNIS GREEN | ) | |

**OBJECTIONS TO DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS**

The United States of America, through United States Attorney Henry C. Leventis and Assistant United States Attorney Amanda J. Klopf and Assistant Attorney General Kristen M. Clarke and Trial Attorneys Kyle Boynton and Wilfred T. Beaye, Jr., hereby submits the following objections to Defendants' Joint Proposed Jury Instructions (ECF No. 399). The Government does not object to Defendants' requested Jury Instruction No. D-1, and only includes below its objections to Defendants' remaining requests.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-2

The Government objects to Defendants' Jury Instruction No. D-2 on three bases: (i) ¶ (2)(B) misstates the charge and the law in regards to 18 U.S.C. § 241, including in a manner that risks confusing and misleading the jury; (ii) ¶ 2(C) misstates the law regarding the requisite intent; and (iii) ¶ 2(D) would incorrectly inform the jury that it must find that the defendant committed an overt act, a requirement criticized by the Sixth Circuit and rejected by every court that has confronted the issue. In particular:

The Government objects to ¶ (2)(B) of Defendants' Jury Instruction No. D-2 on the ground that it misstates what is charged under 18 U.S.C. § 241 and imposes upon the Government a greater burden than is statutorily required. Section 241 encompasses agreements to "oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privileged secured him by the Constitution or laws of the United States," as well as "because of his having so exercised the same." The Government expressly charged the Defendants with the first of these, not the second. ¶ (2)(B) of Defendants' Jury Instruction No. D-2 improperly omits the first.

The Government further objects to ¶ (2)(B) of Defendants' Jury Instruction No. D-2 on the ground that it risks confusing and misleading the jury as to the requirements of 18 U.S.C. § 241 and the federal right secured by 18 U.S.C. § 248(c)(1). As explained, the right secured by Section 248 is freedom from certain types of interference in the access and/or provision of reproductive health services, including abortion. *See* 18 U.S.C. § 248(a)(1) (referencing using, *inter alia*, "physical obstruction" to "intimidate[] or interfere[] with," or "attempt to . . . intimidate or interfere with"); *see also* Gov't. Response to Objections to Requested Instruction No. 3 ("Gov't. Response") (citing, *inter alia*, *United States v. Freestone*, No. 8:23-CR-25-VMC-

AEP, 2023 WL 4824481, at *3 (M.D. Fla. July 27, 2023)). Section 241, meanwhile, also speaks in terms of conspiracies to commit certain types of interference with the exercise of a secured right. *See* 18 U.S.C. § 241 (referencing "conspiring to . . . oppress, threaten, or intimidate"). In light of this, Defendants' ¶ (2)(B) instructs the jury that it needs to find a matryoshka doll of intended interferences before it can find that a Section 241 agreement existed. This defense instruction is confusing, misleading, and unnecessary under the case law.

Courts instead have adopted instructions similar to what Government's Requested Instruction No. 3 proposes, using a combination of the relevant interference language of Section 241 ("oppress or intimidate") and the right that is being interfered with without a double reference to the interferences listed in the statute that secures the right ("the patients and employees of the Clinic in the exercise of their right to obtain, provide, or seek to obtain or provide reproductive healthcare services"). *See* Jury Instructions at 29-30, *United States v. Darnel*, No. 1:22-cr-00096 (D.D.C September 15, 2023), ECF No. 428; Final Jury Instructions at 31-32, *United States v. Handy, et al.*, No. 1:22-cr-00096 (D.D.C August 29, 2023), ECF No. 445.

The Government further objects to ¶ (2)(C) of Defendants' requested Jury Instruction No. D-2 on the ground that it creates the false impression that a Defendant needs to have known that the objective of the conspiracy was unlawful. For the reasons set forth in the Government's Response to Defendants' Objections to its Requested Instruction No. 5, that is not the law. What is charged is an agreement to interfere with a federally-protected right, per 18 U.S.C. § 241, not an agreement to violate a criminal law, per 18 U.S.C. § 371. As a result, the Government need only prove that the objective of the conspiracy was to violate a protected right, not that it was unlawful, and certainly not that it was criminal.

The Government further objects to ¶ (2)(D) of Defendants' requested Jury Instruction No. D-2 on the ground that it imposes upon the Government a burden greater than is statutorily required. As set forth in the Government's Response to Defendants' Objections to Requested Instruction No. 7, 18 U.S.C. § 241 does not require proof of an overt act and neither the Sixth nor any other Circuit has held otherwise. Imposing an overt-act requirement also contravenes the general guidance given in the Sixth Circuit's pattern instructions. *See* Sixth Circuit Pattern Jury Instructions, Criminal 3.04 (Use Note).

Government Requested Instruction No. 3 properly instructs the jury on each element.

# OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-3

The Government objects to ¶¶ (5), (6), (7), and (8) of Defendants' requested Instruction No. D-3, on the ground that they constitute a veiled attempt at confusing the jury (or worse, encouraging jury nullification) by introducing an improper defense. If the Government proves beyond a reasonable doubt that there was an agreement or understanding to "oppress" or "intimidate" patients and employees of the Clinic "in the free exercise or enjoyment" of their right to obtain, provide, or seek to obtain or provide reproductive healthcare, it is not a defense that the defendants also wanted to exercise "Constitutionally protected rights." *See* Defs.' Request No. D-3 ¶¶ (6)-(7). Nor, as further explained in the Government's Objections to Defendants' requested Jury Instruction No. 13, is it a defense that the "effect upon a federal right" was "incidental." *See* Defs.' Request No. D-3 ¶ (5). These paragraphs reflect the same First Amendment arguments asserted in Defendants' motion to dismiss, which were denied by this court, consistent with every court to have decided the issue. *See Gallagher*, 2023 WL 4317264 at *9-10, 13-14. The Government opposes Jury Instruction No. D-3 for the reasons set forth in this order and in the Government's Motion to Preclude Improper Arguments and Irrelevant Evidence, ECF No. 359 at pp. 8-9, and its Reply Memorandum, ECF No. 412 at p. 5.

Government Requested Instruction No. 4 properly instructs the jury on this element.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-4

The Government objects to ¶¶ (2) and (3) of Defendants' requested Jury Instruction No. D-4 as vague and misleading. Defendants' references to "engaged in similar conduct," and knowingly associating with others "who were engaged in a conspiracy . . . for reasons other than pursuing a criminal conspiracy" implicitly suggest that a Defendant who plays a minor part in the plan but had a general understanding of its purpose when they joined in the plan is not a member of the conspiracy. This is an incorrect reading of the relevant authority and it is misleading, particularly in the absence of any instructions as to the knowledge and actions that suffice for membership—*i.e.*, that a conspirator need not even know all the details of the unlawful plan, the names of identities of other conspirators, that the object of the conspiracy violated a particular law (or any law at all), and that his/her part in the plan can be minor.

Government's Requested Instruction No. 5 properly instructs the jury on this element, including on the points covered by ¶¶ (2) and (3) of Defendants' requested Jury Instruction No. D-4.

# OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-5

The Government objects to ¶ (3) of Defendants' Jury Instruction No. D-5 on the ground that it risks confusing and misleading the jury as to the requirements of 18 U.S.C. § 241 and the federal right secured by 18 U.S.C. § 248(c)(1), for the reasons set forth in its objections to ¶ (2)(B) of Defendants' requested Jury Instruction No. D-2. As further explained there, the jury does not need to find a matryoshka doll of intended interferences before it can find that a Section 241 agreement existed.

The Government also objects to ¶¶ (1) and (2) of Defendants' requested Jury Instruction No. D-5. These paragraphs further confuse the distinction between a conspiracy to interfere with a civil right (18 U.S.C. § 241) and a conspiracy to violate a criminal law (18 U.S.C. § 371), and create the impression that that the purpose of the conspiracy needed to have been "criminal." For the reasons set forth in the Government's objections to ¶ (2)(C) of Defendants' requested Instruction No. D-3, this is an incorrect reading of the relevant authority and risks misleading the jury. The Government need only prove that the objective of the conspiracy was to violate a protected federal right.

Government Requested Instruction No. 6 properly instructs the jury on this element.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-6

The Government objects to ¶ (2) of Defendants' requested Jury Instruction No. D-6 as it incorrectly instructs the jury that a defendant needs to have had a "bad purpose," and provides an inaccurate instruction on the relevant intent, incorrectly claiming that the term "[w]illfully connotes a higher degree of criminal intent than knowingly." The Supreme Court has held that "willfully" does not require proof of any evil or bad purpose other than the intention to violate the law. *United States v. Pomponio*, 429 U.S. 10, 11-12 (1976). Similarly, as acknowledged in the Sixth Circuit's Pattern Jury Instructions, the notion that "'willfully' connotes some extra mental state beyond that required for conviction of the substantive offense that is the object of the conspiracy . . . is inconsistent with the Supreme Court's decision in *United States v. Feola*, 420 U.S. 671 . . . (1975)." Sixth Circuit Pattern Jury Instruction 3.03 (2023), at 75 (citing *Feola*, 420 U.S. at 686-96). In this case, willfully means the mental state required to violate the substantive right outlined in 18 U.S.C. § 248(c)(1), as opposed to any substantive offense. The Government thus requests that, to the extent the Court adopts Defendants' requested Jury Instruction No. D-6, it omits the term "bad" from Defendants' ¶ (2), as well as the last two sentences of the paragraph. The paragraph should thus read:

> (2) The word "willfully" means that the act was committed purposely with the specific intent to do something the law forbids; that is to say, with a purpose either to disobey or disregard the law.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-7

The Government objects to ¶¶ (1) and (4) of Defendants' requested Jury Instruction No. D-7 on the ground that it misstates the charge and risks confusing and misleading the jury as to the requirements of 18 U.S.C. § 241 and the federal right secured by 18 U.S.C. § 248(c)(1). As set forth in its objections to ¶ (2)(B) of Defendants' requested Jury Instruction No. D-2, Defendants are charged under the interference "in the free exercise and enjoyment" component of Section 241, not the "because of [their] having so exercised," as is incorrectly stated in ¶¶ (1) and (4) of Defendants' requested Jury Instruction No. D-7. In addition, and as further explained there, the jury does not need to find a matryoshka doll of intended interferences before it can find that a Section 241 agreement existed.

The Government further objects to ¶¶ (1) and (4) of Defendants' requested Jury Instruction No. D-7 on the ground that they conflate the elements of the offense in a manner that could confuse the jury. As set forth in the Government's Response to Defendants' Objections to its Requested Instruction No. 12, there is no requirement that an instruction focusing on one particular element of an offense restate (and conflate) every other element of the offense, as is the case in ¶¶ (1) and (4) of Defendants' requested Instruction No. D-7.

Government Requested Instruction No. 12 properly instructs the jury on this element.

# OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-8

The Government objects to ¶¶ (1) and (1)(A) of Defendants' requested Jury Instruction No. D-8 on the ground that they misstate what is charged under 18 U.S.C. § 241 and imposes upon the Government a greater burden than is statutorily required. As set forth in the Government's objections to ¶ (2)(B) of Defendants' requested Jury Instruction No. D-2, Defendants are charged under the interference "in the free exercise and enjoyment" component of Section 241, not the "because of [their] having so exercised," as is incorrectly suggested in ¶¶ (1) and (1)(A) of Defendants' requested Jury Instruction No. D-8.

Government Requested Instruction No. 12 properly instructs the jury on this element.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-9

The Government objects to ¶ (1) of Defendants' requested Jury Instruction No. D-9 on the ground that it risks confusing and misleading the jury as to the requirements of 18 U.S.C. § 241 and the federal right secured by 18 U.S.C. § 248(c)(1). As set forth in the Government's objections to ¶ (2)(B) of Defendants' requested Jury Instruction No. D-2, Defendants are charged under the interference "in the free exercise and enjoyment" component of Section 241, not the "because of [their] having so exercised," as is incorrectly stated in ¶ (1) of Defendants' requested Jury Instruction No. D-9.

The Government further objects to ¶¶ (2), (3), and (4) of Defendants' requested Jury Instruction No. D-9 on the ground that they are not supported by the law. As set forth in the Government's Response to Defendants' Objections to its Requested Instruction No. 13, the Government does not need to prove that Patient A's status as a reproductive health care patient or the Clinic's employees' role as reproductive health care providers was "the motivating factor" for Defendants' actions, so long as their conduct would not have occurred but for either.

Government Requested Instruction No. 13 properly instructs the jury on this element.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-10

The Government objects to Defendants' requested Jury Instruction No. 10 in its entirety on the ground that it constitutes a veiled attempt at introducing an improper argument and risks misleading the jury. As set forth in the Government's Response to Defendants' Objections to its Requested Instruction No. 13, there is nothing confusing or incorrect about instructing the jury on the statutory definition of reproductive health services. This instruction is merely a reiteration of Defendants' argument on the motion to dismiss that the term may not be interpreted as including abortion in light of the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), which the Court rejected as "entirely without merit." *Gallagher*, 2023 WL 4317264 at *6. Defendants should not be permitted to present to the jury their failed arguments about *Dobbs*' implications for the FACE Act.

**OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-11**

The Government objects to Defendants' requested Jury Instruction No. D-11 as incomplete, for the reasons set forth in the Government's Response to Defendants' Objections to Requested Instruction No. 20.

Government Requested Instruction No. 20 properly instructs the jury on this issue, as it mirrors the Sixth Circuit's Pattern Jury Instruction. *See* Sixth Circuit Pattern Jury Instructions, Criminal 7.17 (2023).

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-12

The Government objects to Defendants' requested Jury Instruction No. D-12 on the basis that justification is not a legally viable defense to the charged conduct, for the reasons set forth in the Government's Motion to Preclude Improper Arguments and Irrelevant Evidence, ECF No. 359 at pp. 9-11, and its Reply Memorandum, ECF No. 412 at 1-4.

In addition, where, as here, the defendants acted in contravention of a legislative decision, necessity is not a legally cognizable defense. As the Supreme Court has held, "under any conception of legal necessity, one principle is clear: The defense cannot succeed when the legislature itself has made a 'determination of values' . . . ." *Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 491 (2001) (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law § 5.4, p. 629 (1986)) (finding an instruction on the defense was error in light of the fact that the defense could not be asserted because the Controlled Substances Act reflected a legislative determination that marijuana has no medical benefits worthy of an exception (outside the confines of a Government-approved research project)). The reasons underpinning this principle are clear: to permit a defense of necessity as justification for criminal acts because the defendant disagrees with the law "would not only be a recipe for disaster, but would call into question the very foundations of civil society and constitutional democracy." *United States v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995).

Here, the defense of necessity is incompatible with the FACE Act's statutory purpose. Congress passed the FACE Act to protect reproductive health care providers and patients from physical obstruction of reproductive health care clinics. 18 U.S.C § 248(a)(1). This is further demonstrated by other provisions of the United States Code. *See, e.g.*, 1 U.S.C. § 8 (defining "person" to include "every infant member of the species homo sapiens who is born alive"); 18

U.S.C. § 1841(c) ("Nothing in this section shall be construed to permit the prosecution of (1) of any person for conduct relating to an abortion for which the consent of the pregnant woman . . . has been obtained"). Congress's objectives in passing the FACE Act would be undone if a defendant were permitted to violate the statute by claiming that such violation was necessary. *See Dixon v. United States*, 548 U.S. 1, 12-13 (2006) ("[F]ederal crimes 'are solely creatures of statute' [and] . . . we are required to effectuate the duress defense as Congress 'may have contemplated' it in the context of these [charged] offenses."). As another court put it when denying Defendant Heather Idoni's motion to dismiss in a similar case, "[a]s the caselaw addressing the FACE Act explains, the remedy to protect the purported rights of a fetus comes through the ballot box or peaceful protest, not through rope and chain." *United States v. Harlow*, No. CR 22-096-10 (CKK), 2023 WL 4706123, at *3 (D.D.C. July 24, 2023); *see also Gallagher*, 2023 WL 4317264 at *10 (summarizing Defendants' view as premised on a "mistaken assumption that all government efforts to protect access to abortion are illegitimate").

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-13

The Government incorporates its objections to ¶¶ (5), (6), (7), and (8) of Defendants' requested Instruction No. D-3 with respect to Defendants' requested Jury Instruction No. D-13.

The Government further objects to Defendants' requested Instruction No. D-13 as attempting to introduce an improper legal argument, for the reasons set forth in the Government's Motion to Preclude Improper Arguments and Irrelevant Evidence, ECF No. 359 at pp. 8-9, and its Reply Memorandum in Further Support thereof, ECF No. 412 at p. 5.

In addition, Defendants made this very argument at the motion to dismiss—that "Defendants planned and promoted an event aimed at opposing abortion" such that "[u]nder *Bray* [*v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993)] . . . any incidental effect defendants had on a federally protected right would not be sufficient," Defs.' Mot. at 47-48, ECF No. 245—to no avail. *Bray* concerned a right that was (i) not even implicated, let alone targeted, by the petitioners' proposed demonstrations (right to interstate travel), (ii) or, at the time, not protected from private interference (right to abortion). *See Bray*, 506 U.S. at 274-78. This Court therefore rejected Defendants' argument because the right at issue here—the "right to freedom from certain types of interference in the access and/or provision of reproductive health services, including abortion"—is protected against private interference by federal statute (18 U.S.C. § 248, which was enacted after *Bray*), and the charged conspiracy was aimed specifically at obstructing access to a reproductive health services facility. *See Gallagher*, 2023 WL 4317264 at *13. Defendants should not be permitted to present for the jury yet another legal issue already decided by the Court.

Government Requested Instruction Nos. 3, 4, and 5 properly instruct the jury on the conspiracy charged in this case.

## OBJECTIONS TO DEFENDANTS' REQUESTED JURY INSTRUCTION NO. D-14

The Government incorporates its objections to Defendants' requested Instruction No. D-13 to Defendants' requested Jury Instruction No. D-14.

The Government further objects to Defendants' requested Jury Instruction No. D-14 on the ground that it is inconsistent with the 18 U.S.C. § 248(e)(4) and imposes a greater burden on the government than is provided by the statute or any binding authority. The Second Circuit's decision in *State of New York v. Operation Rescue*, 273 F.3d 184 (2d. Cir. 2001) is neither binding nor persuasive here. Contrary to Defendants' reading of the case, the Second Circuit considered conduct similar to what is charged here as "strong" evidence that defendants "obstructed access to clinics" in violation of the FACE Act, including where defendants "engag[ed] in protest activities in front of facility entrances[,]" "interfered with pedestrians as they approach[ed] the building," and "blocked clinic doors by standing directly in front of them and trying to communicate with those entering or leaving facility buildings." *Id.* at 194-95 (taking into account the fact that these "activities . . . required police intervention"). The court's concern was rather with the District Court's application of a concept—"rubric of constructive obstruction"—that can be found nowhere in the statute. *Id.* at 195-96. The Government agrees that where, as here, the statute sets forth the definition of the term in question, that definition controls.

Government Requested Instruction No. 11 reflects the definition provided by Section 248(e)(4) and thus properly instructs the jury on the meaning of physical obstruction.

Respectfully submitted,

HENRY C. LEVENTIS  
United States Attorney  
Middle District of Tennessee  

*s/Amanda J. Klopf*  
AMANDA J. KLOPF  
Assistant United States Attorney  
791 Church St, Suite 3300  
Nashville, Tennessee 37203  
Phone: 615-736-5151  

KRISTEN M. CLARKE  
Assistant Attorney General  
Civil Rights Division  

*s/Kyle Boynton*  
KYLE BOYNTON  
Trial Attorney  
950 Pennsylvania Ave. NW  
Washington, DC 20530  
Phone: 202-598-0449  
Kyle.Boynton@usdoj.gov  

*s/Wilfred T. Beaye, Jr.*  
WILFRED T. BEAYE, JR.  
Trial Attorney  
950 Pennsylvania Ave. NW  
Washington, DC 20530  
Phone: 771-333-1681  
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF THE SERVICE

I certify that a true and correct copy of the foregoing was filed electronically and served electronically, via the CM/ECF electronically filing system on this 5th day of January, 2024, upon the following:

**JODIE A. BELL**
Law Office of Jodie A. Bell
Washington Square Building 214 Second
Avenue North Suite 208
Nashville, TN 37201
USA
jodie@attorneyjodiebell.com
(615) 953-4977

*Attorney for Defendant Chester Gallagher*

**WILLIAM J. CONWAY**
William J. Conway, Esq. P.C.
214 Second Avenue North, Suite 208
Nashville, TN 37201
wjconway@gmail.com
(615) 260-5364

*Attorney for Defendant Heather Idoni*

**LARRY LAMONT CRAIN**
5214 Maryland Way
Suite 402
Brentwood, TN 37207
(615) 376-2600
larry@crainlaw.legal

**STEPHEN M. CRAMPTON**
Thomas More Society
P.O. Box 4506
Tupelo, MS 38803
scrampton@thomasmoresociety.org
662-255-9439

*Attorneys for Defendant Paul Vaughn*

**G. KERRY HAYMAKER**
Haymaker & Heroux, P.C.
545 Mainstream Drive
Suite 420
Nashville, TN 37228
haymaker@tennesseedefense.com
(615) 250-0050

**STEVE C. THORNTON, I**
Steve Thornton Attorney Law Office
P.O. Box 16465
Jackson, MS 39236
USA
mail@lawlives.com
(601) 982-0313

*Attorneys for Defendant Coleman Boyd*

**MANUEL B. RUSS**
340 21st Avenue North
Nashville, TN 37203
(615) 329-1919
russben@gmail.com

**JOHN R. MANSON**
3112 Carrington Court
Nashville, TN 37218
USA
jmanson@lewisthomason.com
615-259-1366

*Attorneys for Defendant Dennis Green*

**ROBERT LYNN PARRIS**
208 3rd Avenue North Ste 300
Nashville, TN 37201
rlp@robertparrisattorney.com
(901) 490-8026

**DAVID I. KOMISAR**
Law Office of David I. Komisar
208 Third Avenue North, Suite 300
Nashville, TN 327201
david@komisarlaw.net
615-256-3330

*Attorneys for Defendant Calvin Zastrow*

                                        s/ *Wilfred T. Beaye, Jr.*
                                        WILFRED T. BEAYE, JR.
                                        Trial Attorney