**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.  3:22-cr-00327** |
| | ) | **Judge Trauger** |
| **[1]  CHESTER GALLAGHER,** | ) | |
| **[2]  HEATHER IDONI** | ) | |
| **[3]  CALVIN ZASTROW** | ) | |
| **[4]  COLEMAN BOYD** | ) | |
| **[6]  PAUL VAUGHN** | ) | |
| **[7]  DENNIS GREEN** | ) | |

# <u>JURY INSTRUCTIONS</u>

1

# INTRODUCTION

(1)  Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)  I will start by explaining your duties and the general rules that apply in every criminal case.

(3)  Then I will explain the elements, or parts, of the crimes that the defendants are accused of committing.

(4)  Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)  Please listen very carefully to everything I say.

## JURORS' DUTIES

(1)  You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)  Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3)  The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)  Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1)  As you know, the defendants have pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

(2)  Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)  This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)  The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)  Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# EVIDENCE DEFINED

(1)  You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)  The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and any facts that I may have judicially noticed.

(3)  Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4)  During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And I may have ordered you to disregard things that you saw or heard or  struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)  Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

(1)  You are to consider only the evidence in the case, but you should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)  In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

(3)  The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)  Now, some of you have heard the terms "direct evidence" and "circumstantial evidence."\

(2)  Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)  Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)  It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; nor does it say that one is any better evidence than the other. You should consider all of the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

# CREDIBILITY OF WITNESSES

(1)  Another part of your job as jurors is to decide how credible, or believable, each witness was. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)  Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

8

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)  These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

9

## NUMBER OF WITNESSES

(1)  One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)  Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## LAWYERS' OBJECTIONS

(1)  There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)  The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)  And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## ON OR ABOUT

(1)    Next, I want to say a word about the dates mentioned in the Indictment.

(2)    The Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on that exact date. But the government must prove that the crimes happened reasonably close to these dates.

## USE OF THE WORD "AND" IN THE INDICTMENT

Although the Indictment charges that the statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged beyond a reasonable doubt.

## SEPARATE CONSIDERATION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes each defendant is accused of committing.

Before I do that, I want to emphasize that the defendants have all been charged with two crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

In the interest of simplicity and brevity, I will use the pronoun "he" to refer to the defendants. But, as you know, a woman is also a defendant in this case.

## NATURE OF THE OFFENSE CHARGED
## IN COUNT 1 (18 U.S.C. § 241)

Count 1 of the Indictment charges each of the defendants with having committed a criminal conspiracy against rights between February 10 and March 5, 2021.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant joined an agreement with one or more persons, either at the time the agreement was first reached or at some later time while the agreement was still in effect;

Second, that the aim of the agreement was to oppress, threaten, or intimidate a person in the free exercise or enjoyment of any right or privilege secured to that person by the laws of the United States;

Third, that, at the time the defendant joined in the agreement or understanding, the defendant intended to oppress, threaten or intimidate a person in the free exercise or enjoyment of any right or privilege secured to that person by the laws of the United States.

You must consider each defendant separately in this regard.

It is, however, not up to you to determine whether or not any particular right is one that has been secured by the laws of the United States. That is a purely legal question. You should consider these allegations with the understanding that, as a matter of law, the right to obtain, or provide, reproductive health services without interference through physical obstruction is a right secured by the laws of the United States. I will define interference and physical obstruction later in these instructions.

15

In Count 1, the government is not required to prove that conspirators were successful in accomplishing the objective of the conspiracy. Keep in mind that Count 1 of the Indictment charges a conspiracy and not that any offense, including the offense described in Count 2, was ultimately committed.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt as to a defendant, you must return a guilty verdict on this charge against that defendant. If you have a reasonable doubt about any one of these elements, then you must find that defendant not guilty of this charge.

I will now explain each of these elements in more detail.

## EXISTENCE OF AND MEMBERSHIP IN
## A CONSPIRACY (COUNT 1)

The first element of Count One requires the government to prove beyond a reasonable doubt that two or more persons came to an agreement or mutual understanding and that the defendant voluntarily joined the agreement or mutual understanding and had a general understanding of its unlawful purpose, even if a defendant played only a minor part in the plan.

A defendant may be a conspirator without knowing all of the details of the unlawful plan or the names and identities of all the other alleged conspirators. A defendant need not know that the object of the conspiracy violated any particular law.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.

A defendant's participation in a conspiracy can be proved by direct or circumstantial evidence. A common purpose and plan may be inferred from the totality of the circumstances, including the defendant's statements, actions, and reactions to those circumstances. You may, but are not required to, draw the inference that a defendant intended all of the consequences that a person standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission.

## OBJECTIVE OF THE CHARGED CONSPIRACY (COUNT 1)

The second element of Count One requires the government to prove beyond a reasonable doubt that the agreement the defendant joined had as its objective or purpose to oppress, threaten, or, intimidate a person in the free exercise or enjoyment of any right or privilege secured to that person by the laws of the United States.

If you find that the defendant entered an agreement solely for the purpose of some other, lawful activity, the agreement is not a criminal conspiracy, even if such lawful agreement produced some incidental effect on the rights of others.

The government does not have to prove that all of the defendants named in the Indictment devised the plan. The government need only show that the defendant you are considering agreed on the essential nature of the plan, and not that the defendant came up with the plan or that he agreed on the details of the criminal scheme. The government also does not have to prove that there was a "formal agreement" or plan in which everyone involved sat down and worked out together the details. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime charged in the Indictment.

A defendant's knowledge can be proved indirectly by facts and circumstances that lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

18

# INTENT (COUNT 1)

The third element of Count One requires the government to prove that the defendant acted willfully and that the defendant's intent in joining the conspiracy was to oppress, threaten, or, intimidate a person in the free exercise or enjoyment of any right or privilege secured to that person by the laws of the United States.

You are instructed that the right to obtain, or provide, reproductive health services without interference through physical obstruction is a right secured by the laws of the United States.

I will later define for you the term "reproductive health services."

The word "willfully" means that the act was committed purposely, with the specific intent to do something the law forbids. However, it is not necessary for you to find that the defendant in question or any other conspirator was thinking in legal terms or that they knew that their action was criminal.

You must consider each defendant separately in this regard.

## INDIVIDUALS NOT ON TRIAL

Some of the people who may have been involved in the events described in Count One of the Indictment are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted in one proceeding.

## NATURE OF THE OFFENSE CHARGED
## IN COUNT 2 (18 U.S.C. § 248(a)(1))

Count Two of the Indictment charges the defendants with violating Title 18, United States Code, Section 248(a)(1) - the Freedom of Access to Clinic Entrances (FACE) Act; and for violating the FACE Act either personally or as an aider and abettor under Title 18, United States Code, Section 2.

In order for you to find a defendant guilty of this charge, the government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant engaged in physical obstruction;

Second, that the defendant, by his physical obstruction, intentionally interfered with Melissa Ashby or the employees of the Clinic, or the defendant attempted to do so; and

Third, that the defendant acted as he did because Melissa Ashby was obtaining, or the Clinic was providing, reproductive health services.

If you are convinced that the government has proved each of these elements beyond a reasonable doubt as to any defendant, say so by returning a guilty verdict on this charge as to that defendant.

If you have a reasonable doubt about any one of these elements, then you must find that defendant not guilty of this charge.

I will now explain each of these elements in more detail.

21

## PHYSICAL OBSTRUCTION (COUNT 2)

The first element of the FACE Act violation charged in Count Two requires the government to prove beyond a reasonable doubt that the defendant engaged in physical obstruction.

The term "physical obstruction" is defined as rendering impassable an entrance to or exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.

Merely making the approach to health facilities unpleasant or emotionally difficult, without rendering an entrance or exit impassable or rendering passage to or from the facility unreasonably difficult or hazardous, does not constitute physical obstruction.

The second element of the FACE Act violation charged in Count Two requires the government to prove either that the defendant, by his physical obstruction, intentionally interfered with Melissa Ashby or the employees of the Clinic, or that the defendant attempted to do so.

It is often difficult to establish intent with direct evidence, because there is no way for one person to know what another person is actually thinking. However, as with any other question that has been submitted to you, you may also consider circumstantial evidence and inferences based on that evidence. You may, for example, infer the defendant's intent from the surrounding circumstances. This includes any statement made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that indicate the defendant's intent or knowledge. You may, but are not required to, infer that the defendant intended the natural and probable consequences of acts knowingly done. It is entirely up to you to decide what facts to find from the evidence received during this trial and what inferences to draw from the evidence.

The term "interfere with" means to restrict a person's freedom of movement.

To find that the defendant *attempted* to interfere with Melissa Ashby or  Clinic employees by physical obstruction, the government must prove that the defendant actually intended to interfere with Melissa Ashby or Clinic employees by physical obstruction, and that the defendant intentionally performed an act that constituted a substantial step towards interfering with Melissa Ashby or  Clinic employees by physical obstruction. Mere preparation is insufficient.

If you find that the defendant acted voluntarily and purposely to interfere with Melissa Ashby or Clinic employees by physical obstruction, or that the defendant attempted to do so,

23

rather than acting inadvertently or by mistake, then you may find this element of the offense proved.

## CAUSE REQUIREMENT (COUNT 2)

The third element of the Section 248(a)(1) offense charged in Count Two requires the government to prove that the defendant acted as he did because Melissa Ashby was obtaining, or the Clinic employees were providing, reproductive health services.

"Reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

A provider of reproductive health services includes any staff member who is an integral part of a business where reproductive health services are provided. If you find that the Clinic employees were working as staff members of a facility providing reproductive health services, then you may find that they provide reproductive health care.

In determining whether the government has proved that the defendant acted as he did because Melissa Ashby was obtaining, or the Clinic employees were providing, reproductive health services, you may consider statements made or language used by the defendant, the circumstances surrounding the alleged offense, and all other evidence that may shed light on the defendant's motives.

So long as Melissa Ashby status as a reproductive health services patient, or the Clinic employees' role as reproductive health services providers, was a but-for cause of the defendant's conduct, that is enough to satisfy the third element. A but-for cause does not mean the sole cause or even the primary cause. You must find that the defendant would not have acted as he did, had Melissa Ashby not been obtaining reproductive health care or had the Clinic not been providing it. Therefore, you may find that the third element has been met, even if you find that the defendant also had other, additional reasons for doing what he did.

25

## AIDING AND ABETTING (COUNT 2)

For you to find any defendant guilty of violating the FACE Act, it is not necessary for you to find that he personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

For you to find a defendant guilty of violating the FACE Act as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of violating the FACE Act was committed;

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime, either before or during the commission of the crime; and

Third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

26

## INTRODUCTION

That concludes the part of my instructions explaining the elements of the crimes charged. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## DECISION NOT TO TESTIFY

A defendant has an absolute right not to testify or present evidence. The fact that a defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove each defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he or she is innocent.

## TESTIMONY OF AN ACCOMPLICE

You have heard the testimony of Caroline Davis. You have also heard that she was involved in the same crime that the defendants are charged with committing. You should consider Caroline Davis's testimony with more caution than the testimony of other witnesses.

Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

The fact that Caroline Davis has pleaded guilty to a crime is not evidence that a defendant is guilty, and you cannot consider this against a defendant in any way.

# TRANSCRIPTS

You have heard some video recorded conversations that were received in evidence, and you were given some written transcripts of those video recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## SUMMARIES ADMITTED INTO EVIDENCE

During the trial you have seen or heard summary evidence in the form of charts. These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

But the summaries themselves are not evidence of the material they summarize and are only as valid and reliable as the underlying material they summarize.

# INTRODUCTION

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)  One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

32

## EXPERIMENTS, RESEARCH, INVESTIGATION
## AND OUTSIDE COMMUNICATIONS

(1)  Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media or application such as a telephone, cell phone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me if you become aware of another juror's violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom, which has been admitted under the rules of evidence and criminal procedure that govern federal trials and to which you and your fellow jurors have been exposed.  B a s i n g , your decision on information known only by you and not your fellow jurors or the parties in the case would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

(1)  Your verdict, whether it is guilty or not guilty, must be unanimous as to each count and as to each defendant.

(2)  To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)  To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)  Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## HOW JURORS SHOULD APPROACH THEIR TASK

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. When a juror does that, his sense of pride may be aroused and he may hesitate to recede from an announced position if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but judges.

## DUTY TO DELIBERATE

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved any defendant guilty beyond a reasonable doubt of either charge.

## PUNISHMENT

(1)  If you decide that the government has proved a defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)  Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)  Your job is to look at the evidence and decide if the government has proved any defendant guilty beyond a reasonable doubt.

**VERDICT FORM**

(1)  I have prepared a verdict form that you should use to record your verdict. The form reads as follows: [Court reads verdict form].

(2)  If you decide that the government has proved a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1)  Remember that the defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2)  Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved any defendant guilty beyond a reasonable doubt.

**JUROR NOTES**

(1)  Remember that, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2)  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should even attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.