IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Cr. No. **3:22-cr-00327-AAT**
                                                            **Judge Trauger**

CALVIN ZASTROW,

    Defendant.

POSITION REGARDING PRESENTENCE REPORT

    COMES NOW, the defendant, Calvin Zastrow, by and through counsel, Robert Parris and submits the following with respect to the Sentencing Factors pursuant to §6A1.2 of the *2023 United States Sentencing Commission Guidelines Manual*.

    1.    Counsel has reviewed the Presentence Investigation Report with Mr. Zastrow and has no objections to the factual information contained in the Presentence Investigation Report. Counsel submits the following objection to the calculations contained in the Presentence Investigation Report:

    Paragraph 30 of the Presentence Investigation Report inappropriately applied a 2 Level Enhancement pursuant to U.S.S.D. 3A1.1(b)(1) alleging that Patient A qualifies as a vulnerable victim under this section because Patient A testified that she experienced extreme anxiety and felt uncomfortable, overwhelmed, intimidated, very scared and violated. The Probation Officer also states that Patient A further added that she was anxious about being video taped as she felt that it was

a violation of her HIPPA rights.

Application Note 2 to Section 3A1.1 defines a "vulnerable victim" as someone "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." It strains common sense to assert that Patient A was unusually vulnerable when victims of federal crimes of violence are not considered vulnerable victims, for example in Hobbs Act Robbery cases. Those victims almost assuredly experience anxiety, discomfort, intimidation, and fear. Yet counsel can't remember ever seeing the enhancement applied in those cases unless the victims are either elderly, young children, or they are affected by some debilitating affliction.

While Patient A was presumably pregnant (though not visibly), a victim is not unusually vulnerable by virtue of her pregnancy alone. In *United States v. James*, 139 F3d 709, (9th Cir. 1998), the Court upheld the enhancement based on the aggravating facts of the case. In this case, a pregnant bank teller who was visibly pregnant was threatened with her life and the life of her unborn child if she did not comply with the defendant/robber's commands. The Court also pointed out that "the district court did not classify the [victim] as unusually vulnerable simply because she was pregnant." *James* at 714.

Furthermore, Application Note 2 to Section 3A1.1 also instructs that the enhancement should not be applied if the factor that makes the person vulnerable is incorporated in the offense Guideline. It is commonly known that the FACE Act was promulgated to protect pregnant women from interference at abortion clinics. Therefore, by definition, the fact that Patient A was pregnant is incorporated in the FACE Act violation and the enhancement should not apply in this instance.

WHEREFORE, PREMISES CONSIDERED, the defendant files his objection to the Presentence Investigation Report.

Respectfully submitted,
s/ *Robert L. Parris*
Robert Parris, B.P.R. #19847
Attorney for Mr. Smith
208 Third Avenue North, Suite 300
Nashville, Tennessee 37201
(901) 490-8026
rlp@robertparrisattorney.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing *Position Regarding Presentence Report* has been electronically delivered to Nani Gilkerson, Assistant United States Attorneys, 719 Church Street, Nashville, TN 37203, on this the 17th day of June, 2024.

                                                  s/ *Robert L. Parris*
                                                Robert L. Parris