IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | Case No. | 3:22-CR-00327-004 |
| | ) | | District Judge Trauger |
| COLEMAN BOYD | ) | | |

## POSITION STATEMENT REGARDING REVISED PRESENTENCE INVESTIGATION REPORT

Comes now, G. Kerry Haymaker, counsel for Defendant, Coleman Boyd, and hereby provides his position with respect to the Revised Presentence Investigation Report dated June 24, 2024. There are several items in the Revised Presentence Investigation Report where the defendant's position is noted in a footnote. While these matters do not effect any substantive guideline calculations, they are pointed out to provide clarification and to make sure that the report is in all ways accurate from the defendant's point of view. The defense has one substantive guideline objection to the findings contained in the Revised Presentence Investigation Report.

More specifically, the defense objects to Paragraph No. 34 wherein a two level enhancement is applied pursuant to USSG Section 3A1.1(b)(1). In support of their position, probation notes facts that fall into two categories.

First, they note the conduct of the defendants. For example they assert that there was a blockade, that Patient A was asked personal questions like if she was seeking an abortion and that the entire incident was live streamed. ¶ 34.

1

The second category are best characterized as ways in which Patient A reacted to the conduct of the defendants. For example, probation asserts that she experienced extreme anxiety and felt uncomfortable, overwhelmed, intimidated, very scared and violated as she attempted to access the clinic. Further, she testified that she was anxious about being video taped. ¶ 34.

The application of the relevant guideline is improper because the guideline does not focus on the conduct of the defendant or the reaction of the victim as much as it focuses on the pre-existing characteristics of the victim and whether these particular characteristics made the victim unusually vulnerable and whether the defendant knew or should have known of the unusual vulnerability.

Based on Application Note 2 to USSG Section 3A1.1(b)(1), a person qualifies as a vulnerable victim if they are a person who is "*unusually* vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." (*emphasis added*). The note goes on to say that in order for the enhancement to apply, the defendant needs to know or have reason to know of the *unusual* vulnerablity. (*emphasis added*).

The only preexisting characteristic of Patient A that the defendants knew or had reason to know is Patient A's pregnancy. A victim is not unusually vulnerable by virtue of pregnancy alone. In *United States vs. James*, 139 F3d 709 (9th Cir. 1998), the Court sustained an enhancement based on other facts in the case. The victim was a victim in a robbery case and was pregnant. The Court noted that the victim was not found to be a vulnerable victim based on the pregnancy but for other reasons. *James* at 714.

There is no evidence to suggest that Patient A had mental health issues. Certainly, if any existed, the defendants were not in a position to know about them or have reason to be aware of

them. There is no information in the record that describes a characteristic of Patient A that would make her "otherwise particularly susceptible to the criminal conduct." The only characteristic that is left under the Application Note 2 analysis is Patient A's physical condition. The only aspect of her physical condition that is known is the fact that she was pregnant. There is no reason to suggest that this physical condition would make her *unusually* vulnerable. Pregnancy alone does not render an otherwise capable, confident and independent woman vulnerable. It certainly does not render a woman *unusually* vulnerable. The victim in this matter demonstrated through her testimony that she is a confident, articulate and intelligent woman and not *unusually* vulnerable.

Given the foregoing, the enhancement for vulnerable victim pursuant to USSG 3A1.1(b)(1) should not be applied.

Respectfully submitted,

**HAYMAKER & HEROUX, PC**

*/s G. Kerry Haymaker*
G. Kerry Haymaker, B.P.R. #018695
The Riverview Building
545 Mainstream Drive, Suite 420
Nashville, Tennessee 37228
(615) 400-7745

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Position Statement has been delivered by the Electronic Filing System to Nani Gilkerson, Assistant United States Attorney, 110 Ninth Avenue, South, Suite A961, Nashville, TN 37203-3870 on this the 26th day of June, 2024.

*/s G. Kerry Haymaker*
G. Kerry Haymaker

4