UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:22-cr-00327-6 |
| v. | ) | Judge Trauger |
| | ) | |
| PAUL VAUGHN | ) | |

**SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES**

COMES NOW the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to Defendant Paul Vaughn.

The United States does not have any objections to the Defendant's Presentence Investigation Report (PSR). The report correctly applies the vulnerable victim enhancement to reach a total offense level of 14, corresponding to a Guidelines range of 15-21 months of imprisonment. (PSR ¶ 71.) Probation has recommended a sentence of 15 months on Count 1 and 6 months on Count 2, to run concurrently, followed by one year of supervised release. Based upon the 18 U.S.C. § 3553(a) sentencing factors, the government submits that a sentence of **a year and a day** on Count 1 and three months on Count 2, to run concurrently, is sufficient but not more than necessary to satisfy the objectives of sentencing, provided that the Court imposes three years of supervised release to deter the Defendant from any future violations of the FACE Act.

**APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)**

Once a court has determined the applicable Guidelines range, including any applicable departures, Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote

1

respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

**I.     The Nature and Circumstances of the Offense and Characteristics of the Defendant**

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Offense Conduct section of the Defendant's PSR accurately reflects the evidence presented at trial. (PSR ¶¶ 7-20.) The defendant participated in the blockade of a reproductive health clinic in Mt. Juliet, Tennessee, for almost three hours on March 5, 2021. He and his co-defendants came prepared for a blockade with a pre-printed flyer that was titled "what really happened today in Mount Juliet? Police arrested peaceful, obedient Christians!" The flyer concluded with an email "wearerescuers@gmail.com," an email address created by and registered to co-defendant and co-conspirator Chester Gallagher.

The clinic had two access points: the main entrance for patients, and a second entrance that could only be accessed by employees. The defendant arrived on the hallway outside the clinic with a large group at the beginning of the blockade. Prior to law enforcement's arrival, he held positions in that hallway to obstruct access to both entrances, including while Patient A was attempting to access the clinic and while Employee A was attempting to re-enter the clinic. After law enforcement's arrival, the Defendant took an active role in engaging with police to stall their action as long as possible. He ultimately left the hallway at the final police warning, just prior to arrests being made.

Although the Government does not view the Defendant's role as a leadership one, the evidence suggests he was a leader-in-training during this incident, learning how to effectively stall

2

the police and play for time, thereby maximizing the effect of the unlawful blockade on patients and employees. The Defendant, in conjunction with co-defendant Chester Gallagher, was highly effective at this task during the incident. As trial testimony made clear, there were sufficient officers, handcuffs, and transport methods present at the blockade soon after 8:00 a.m. to arrest everyone who ultimately refused to leave, but the Defendant's faux negotiations enabled the blockade to go on for over two more hours.

The blockade did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office, the main entrance to which was visible in much of the defendants' video. The Court should consider the harmful affect the defendant's crimes had on patients traveling to the pavilion for the many other medical services offered there.

The government recognizes that this defendant has only a distant history of prior state convictions related to reproductive healthcare. This history consists of two convictions for criminal trespass and one conviction involving blocking the driveway to a reproductive health clinic, all of which occurred over the course of a year in the early 1990s, when the defendant was in his mid-twenties. This case is the first time that this Defendant has engaged in criminal conduct in nearly two decades. This factor weighs in favor of a below Guidelines sentence.

## II. Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment

A sentence of less than a year would fail to address the factors enumerated in Section 3553(a). Section 3553(a) directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). The offense here was borne out of a lack of respect for the law. It was flagrant, recorded and livestreamed over the internet to train others to carry out their own unlawful

3

blockades. It was traumatic for the patients and employees, two of whom testified at trial to the fear and anxiety they felt during and after they encountered the defendant and his co-defendants.

Although the criminal conduct was non-violent, there were moments where there was a risk of violence from the defendants' disorderly conduct. As Patient A's husband testified, had Patient A wanted to get into the clinic for her appointment, he would have had to use force to enable her access. As Mt. Juliet Police Corporal Schneider testified, he did use force against Defendant Zastrow and another blockader and was prepared to use more force to get a woman he believed to be a patient into the clinic. As Employee A testified, she did not want to push her way back into her office in part because she did not want anyone to be hurt. The Defendant's actions, and those of his fellow blockaders, raised the risk of violence in the hallway of a medical facility on a floor not just occupied by the reproductive health clinic but by other unrelated medical offices. A just punishment must include an active term of incarceration commensurate with the felony conduct for which the Defendant has been convicted, felony conduct that had real effects on its victims.

### III. Deterrence and Protection of the Public from Further Crimes

In addition to a sentence of a year and a day being just, it represents the minimum sentence necessary for deterrence. Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under Section 3553(a)(2)(B)-(C). The sentence in this case should send a clear message to the Defendant that he must only act on his views through the many lawful and constitutionally protected means that are available to all.

The Defendant has been convicted of a misdemeanor FACE Act violation and any subsequent FACE Act violation is a felony. *See* 18 U.S.C. § 248(b)(2) (making subsequent nonviolent physical obstruction FACE Act violations punishable by up to 18 months). This is an important legislatively-fashioned deterrent, the effect of which will be dulled if the Defendant does

not receive a felony sentence for his felony conviction. The Defendant should therefore receive no less than a year and a day for his felony conviction in this case.

This factor also strongly favors the government's request for three years of supervised release. Part of the reason the government is asking the Court to vary down from the guidelines and from the Probation Office's recommended 15-month sentence is that the government believes that a three-year term of supervised release is an essential means of ensuring this Defendant's future compliance with the law.

IV. Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., and a need for unwanted sentencing disparity and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this Defendant's charged conduct. The United States has complied with the requirements of the Crime Victims' Rights Act but has not yet obtained information supporting a restitution request in this case.

The government has carefully considered the above issues in formulating its sentencing position with respect to Mr. Vaughn. The government's recommendation takes into account the Defendant's relative responsibility and culpability vis-à-vis the other defendants convicted in this case as well as the sentences of defendants convicted in cases charging similar conduct, including the sentences recently issued in a similar case, *United States v. Handy*, 22-cr-

5

00096-CKK (D.D.C. May 15, 2024). The government's recommendation also reflects mitigating factors specific to this Defendant, including his distant criminal history. A year and day will represent the lowest requested sentence among those convicted on Count One, conspiracy against rights, in this case. The government's requested sentence of three months on Count Two will represent the second lowest sentence requested for all ten defendants convicted of Count Two at trial, with the lowest sentence, being reserved for a defendant of an advanced age.

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the defendant to a year and a day of incarceration on Count 1, three months of incarceration on Count 2 to run concurrently, three years of supervised release, and no fine.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW

Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on June 27, 2024.

                                              *s/ Wilfred T. Beaye, Jr.*
                                              WILFRED T. BEAYE, JR.
                                              Trial Attorney