UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:22-cr-00327-4 |
| v. ) | Judge Trauger |
| ) | |
| COLEMAN BOYD ) | |

### SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES

COMES NOW the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to defendant Coleman Boyd whose sentencing hearing is currently scheduled for July 3, 2024.

The Presentence Investigation Report (PSR) prepared for defendant in this case correctly calculates an offense level of 16 and a criminal history category of I, corresponding to a Guidelines range of 21-27 months' imprisonment. (PSR ¶ 71.) Probation has recommended a sentence of 17 months on Count 1 and 6 months on Count 2, to run concurrently, followed by one year of supervised release. Based upon the Title 18, United States Code, Section 3553(a) sentencing factors, the United States submits that a sentence of **15 months of imprisonment** on Count 1 and four months' imprisonment on Count 2, to run concurrently, is sufficient but not greater than necessary to satisfy the objectives of sentencing, provided that the Court imposes three years of supervised release to deter defendant from any future violations of the FACE Act.

### APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

Once a court has determined the applicable guidelines range, including any applicable departures, Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the

1

defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

I. **The Nature and Circumstances of the Offense and Characteristics of the Defendant**

The first Section 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Offense Conduct section of defendant's PSR accurately reflects the evidence presented at trial. (PSR ¶¶ 11-24.). In summary, on March 5, 2021, defendant participated in the blockade of a reproductive health clinic in Mt. Juliet, Tennessee. Prior to March 5, defendant, who lives in Mississippi, traveled to Tennessee with his two minor children specifically to participate in the blockade. On March 4, defendant advertised the planned blockade on his Facebook account, inviting others to join.

The morning of the blockade, defendant, who was stationed in the hallway leading to the clinic's entrance, created a livestream event on Facebook titled, "Mt. Juliet, TN Rescue March 5, 2021." He livestreamed many of the events that took place that morning. For example, when Patient A, a pregnant woman attempting to receive reproductive health services at the clinic that morning, encountered Boyd in the hallway outside the clinic's entrance, Boyd approached her, while filming, and asked her invasive questions, including if she was there to receive an abortion. Boyd then encouraged one of his minor children to approach Patient A. The child walked up to Patient A and asked if Patient A was "looking for the abortion clinic?" Boyd continued to livestream the blockade during this interaction, telling his audience that Patient A was a "mom

2

coming to kill her baby." As a result of the blockade, Patient A left the clinic without receiving services.

After law enforcement's arrival, defendant continued to livestream the blockade. However, when it was determined that officers were going to be making arrests, defendant left the scene.

The blockade did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office. The Court should consider the harmful affect defendant's crimes had on patients traveling to the pavilion that day for the many other medical services offered there.

The Court should also consider the defendant's violations of his Court-ordered conditions of release pending trial. A few months after he was released with pretrial services supervision, a violation of pretrial release petition alleged that the defendant traveled to Bristol, Virginia to participate in a protest at a reproductive healthcare facility. The defendant also communicated with Caroline Davis, a codefendant and witness in the case, both before and during trial, again in violation of this Court's order.

The government is unaware of any violations by defendant since that time, and recognizes that, unlike some of the other defendants charged in this case, this defendant does not have any prior convictions and only one prior arrest. The charge related to the defendant being unreasonably loud within 150 feet of a healthcare facility, and was dismissed in February 2020. This case is therefore Defendant's first criminal conviction. This factor weighs in favor of a below Guidelines sentence.

**II.     Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment**

A sentence of at least 15 months' imprisonment is a just punishment. Section 3553(a) directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense,

3

Case 3:22-cr-00327   Document 635   Filed 06/28/24   Page 3 of 8 PageID #: 4733

promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). The offense here was borne out of the defendant's lack of respect for the law. It was flagrant, recorded, and livestreamed over the internet to train and encourage others to carry out additional unlawful blockades. It was traumatic for the patients and employees involved, two of whom testified at trial to the fear and anxiety they felt during and after they encountered defendant and his co-co-conspirators. And although the criminal conduct was non-violent, there were moments where there was a risk of violence. As Patient A's husband testified, had Patient A wanted to get into the clinic for her appointment, he would have had to use force to enable her access. As Mt. Juliet Police Corporal Schneider testified, he did use force against defendant Calvin Zastrow and another blockader and was prepared to use more force to get a woman he believed to be a patient into the clinic. As Employee A testified, she did not want to push her way back into her office in part because she did not want anyone to be hurt. Defendant's actions, and those of his fellow blockaders, raised the risk of violence in the hallway of a medical facility on a floor not just occupied by the reproductive health clinic but by other unrelated medical offices. A just punishment must include an active term of incarceration commensurate with the felony conduct for which defendant has been convicted.

   III.    **Deterrence and Protection of the Public from Further Crimes**

A sentence of at least 15 months' imprisonment represents the minimum custodial sentence necessary for deterrence. Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under Section 3553(a)(2)(B)-(C). The sentence in this case should send a clear message to defendant that he may only act on his views only through the many lawful and constitutionally protected means that are available to all.

Defendant has now been convicted of a misdemeanor FACE Act violation and thus any subsequent FACE Act violation is a felony. *See* 18 U.S.C. § 248(b)(2) (making subsequent nonviolent physical obstruction FACE Act violations punishable by up to 18 months' imprisonment). This is an important legislatively-fashioned deterrent, the effect of which will be dulled if defendant does not receive a felony sentence for his felony conviction.

This factor also strongly favors the government's requested three years of supervised release. Part of the reason the government is asking the Court to vary down from the guidelines and from the Probation Office's recommended 17-month sentence is that the government believes that a three-year term of supervised release, with the special condition that he not be within 100 feet of a facility that provides reproductive health services, is an essential means of ensuring defendant's future compliance with the law.

**IV.    Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity**

The remainder of the factors described in Section 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparities and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning defendant's charged conduct. The United States has complied with the requirements of the Crime Victims' Rights Act but has not yet obtained information supporting a restitution request in this case.

The government has carefully considered the above issues in formulating its sentencing position with respect to defendant. The government's recommendation takes into account defendant's relative responsibility and culpability vis-à-vis the other defendants convicted in this case as well as the sentences of defendants convicted in cases charging similar conduct, including the sentences recently issued in a similar case, *United States v. Handy*, 22-cr-00096-CKK (D.D.C. May 15, 2024). The government's recommendation also reflects mitigating factors specific to defendant, including defendant's limited criminal history. Fifteen months will represent the second lowest requested sentence among those convicted on Count One, conspiracy against rights, in this case. The government's requested sentence of four months on Count Two will represent the third lowest sentence requested for all ten defendants convicted of Count Two at trial. A 15-month sentence, while a slight variance from the low-end of the guidelines range, will thus be appropriate.

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the defendant to 15 months' imprisonment on Count 1 and four months' imprisonment on Count 2, to run concurrently, three years of supervised release, and no fine.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on June 28, 2024.

*s/ Nani Gilkerson*
NANI M. GILKERSON
Assistant United States Attorney
