UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:22-cr-00327-7 |
| v. ) | Judge Trauger |
| ) | |
| DENNIS GREEN ) | |

### SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES

COMES NOW the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to Defendant Dennis Green.

The United States does not have any objections to the Defendant's Presentence Investigation Report (PSR). The report correctly applies the vulnerable victim and use or attempted use of a minor enhancements to reach a total offense level of 16, corresponding to a Guidelines range of 21-27 months. Probation has recommended a sentence of 17 months on Count 1 and 6 months on Count 2, to run concurrently, followed by one year of supervised release. Based upon the 18 U.S.C. § 3553(a) sentencing factors, the government submits that a sentence of **15 months of imprisonment** on Count 1 and four months on Count 2, to run concurrently, is sufficient but not more than necessary to satisfy the objectives of sentencing, provided that the Court imposes three years of supervised release to deter the Defendant from any future violations of the FACE Act.

### APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

Once a court has determined the applicable Guidelines range, including any applicable departures, Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the

1

defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

## I. The Nature and Circumstances of the Offense and Characteristics of the Defendant

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Offense Conduct section of the Defendant's PSR accurately reflects the evidence presented at trial. (PSR ¶¶ 7-20.) The Defendant brought two of his minor children (N.G., age 12, and J.G., age 15) with him to participate in the blockade of a reproductive health clinic in Mt. Juliet, Tennessee, on March 5, 2021. He and his co-defendants came prepared for a blockade with a pre-printed flyer that was titled "what really happened today in Mount Juliet? Police arrested peaceful, obedient Christians!" The flyer concluded with an email "wearerescuers@gmail.com," an email address created by and registered to co-defendant and co-conspirator Chester Gallagher.

The clinic had two access points: the main entrance for patients, and a second entrance that could only be accessed by employees. The Defendant began the morning positioned on the ground floor of the medical building, waiting for a signal from his coconspirators identifying patients of the clinic that he could intercept. He then proceeded to the hallway outside the clinic to join the larger group, at which point he immediately formed an additional layer blocking the main entrance to the clinic. The Defendant remained in place even after law enforcement arrived and repeatedly ordered that he and his coconspirators disperse. The Defendant can in fact be seen moving *into* the path of Mt. Juliet Police Corporal Lance Schneider when Corporal Schneider announces that

he is escorting a woman who has an appointment and orders that the Defendant and his coconspirators "part the seas." The Defendant was among those who ultimately refused to leave the hallway without being arrested. His two minor children followed suit. With his cellphone, the Defendant livestreamed the blockade and posted the video on Facebook, where he later made clear that his intention was not to protest, but rather to block the entrance to the clinic.

This calculated and coordinated effort to commit a criminal offense did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office, the main entrance to which was visible in much of the defendants' video. The Court should consider the harmful affect the Defendant's crimes had on patients traveling to the pavilion for the many other medical services offered there.

The Court should also consider the Defendant's prior history of two state arrests and three convictions, including his most recent conviction and arrest related to criminal interference with reproductive healthcare facilities. Less than two months before the offense at issue here, the Defendant was convicted of criminal trespass at a reproductive healthcare facility in Little Rock, Arkansas. He was arrested for blocking a reproductive healthcare facility in Louisville, Kentucky, just a few years before that in 2017. Neither offense involved violence. Further, it appears that, as in this case, the defendant complied with all conditions of release.

Thus, notwithstanding the seriousness of the offense conduct and the nature of the Defendant's role in the offense, the government submits that the nonviolent nature of the Defendant's criminal history, and his compliance with Court-imposed release conditions, support a variance of six months below the low-end of his guideline range.

II. **Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment**

3

Case 3:22-cr-00327   Document 637   Filed 06/28/24   Page 3 of 8 PageID #: 4742

A sentence of at least 15 months is warranted here. Section 3553(a) directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). The offense here was borne out of the Defendant's lack of respect for the law. It was flagrant, recorded, and livestreamed by this Defendant over the internet to train and encourage others to carry out their own unlawful blockades. It was traumatic for the patients and employees, two of whom testified at trial to the fear and anxiety they felt during and after they encountered the Defendant and his co-defendants. And although the criminal conduct was non-violent, there were moments where there was a risk of violence from the defendants' disorderly conduct. As Patient A's husband testified, had Patient A wanted to get into the clinic for her appointment, he would have had to use force to enable her access. As Corporal Schneider testified, he did use force against Defendant Zastrow and another blockader and was prepared to use more force to get a woman he believed to be a patient into the clinic. As Employee A testified, she did not want to push her way back into her office in part because she did not want to hurt anyone, referring to the blockaders. The Defendant's actions, and those of his fellow blockaders, raised the risk of violence in the hallway of a medical facility on a floor not just occupied by the reproductive health clinic but by other unrelated medical offices. A just punishment must include an active term of incarceration commensurate with the felony conduct for which the defendant has been convicted, felony conduct that had real effects on its victims.

### III. Deterrence and Protection of the Public from Further Crimes

In addition to this sentence being just, it represents the minimum sentence necessary for deterrence. Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under Section 3553(a)(2)(B)-(C). The sentence in this case should

send a clear message to the Defendant that he may act on his views only through the many lawful and constitutionally protected means that are available to all.

The Defendant has been convicted of a misdemeanor FACE Act violation and any subsequent FACE Act violation is a felony. *See* 18 U.S.C. § 248(b)(2) (making subsequent nonviolent physical obstruction FACE Act violations punishable by up to 18 months). This is an important legislatively-fashioned deterrent, the effect of which will be dulled if the Defendant does not receive a felony sentence for his felony conviction. The Defendant is also subject to an enhancement for using or attempting to use two of his minor children in the commission of the offense. The Defendant should therefore receive no less than 15 months of incarceration for his felony conviction in this case.

This factor also strongly favors the government's request for three years of supervised release. Part of the reason the government is asking the Court to vary down from the guidelines and from the Probation Office's recommended 17-month sentence is that the government believes that a three-year term of supervised release is an essential means of ensuring this Defendant's future compliance with the law.

IV. **Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity**

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of the offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparities and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy

statements concerning this Defendant's charged conduct. The United States has complied with the requirements of the Crime Victims' Rights Act but has not yet obtained information supporting a restitution request in this case.

The government has carefully considered the above issues in formulating its sentencing position with respect to the Defendant. The government's recommendation takes into account the Defendant's relative responsibility and culpability vis-à-vis the other defendants convicted in this case as well as the sentences of defendants convicted in cases charging similar conduct, including the sentences recently issued in a similar case, *United States v. Handy*, 22-cr-00096-CKK (D.D.C. May 15, 2024). The government's recommendation also reflects mitigating factors specific to this defendant, including the limited and nonviolent nature of his criminal history, and his record of compliance with Court-ordered conditions of release. Fifteen months will represent the second lowest requested sentence among those convicted on Count 1, conspiracy against rights, in this case. The government's requested sentence of four months on Count 2 will represent the third lowest sentence requested for all ten defendants convicted of Count 2 at trial. A 15-month sentence, while a slight variance from the low-end of the guidelines range, will thus be appropriate.

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the Defendant to 15 months of incarceration on Count 1, four months of incarceration on Count 2, to run concurrently, three years of supervised release, and no fine.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on June 28, 2024.

*s/ Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
