# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CR-00327 |
| | ) | |
| [6] PAUL VAUGHN | ) | Judge Trauger |

## DEFENDANT PAUL VAUGHN'S
## MOTION FOR RELEASE PENDING APPEAL

Defendant Paul Vaughn, by and through counsel, moves this Court to stay imposition of his sentence pending resolution of his appeal. In support thereof Mr. Vaughn shows as follows:

Under 8 U.S.C. § 3143(b), a defendant may be released pending appeal if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community and that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, among other things. *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002); *United States v. Vance*, 851 F.2d 166 (6th Cir. 1988); *United States v. Kelsey*, 3:21-cr-00264 (M.D. Tenn. Sep. 26, 2023). If the defendant is released pending appeal in accordance with the statute, the court must stay any sentence of imprisonment. Fed. R. Crim. P. 38(b)(1).

Factors to be considered in making this determination include: (1) the nature and seriousness of the offense charged, (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature

1

and seriousness of the danger to any person or the community that would be posed by the defendant's release. *United States v. Vance*, 851 F.2d at 169-70 (citing *United States v. Delker*, 757 F.2d 1390, 1398-99 (3d Cir. 1985)); *United States v. Lundergan*, Crim. No. 5:18-CR-00106 (E.D. Ky. 2021).

**Mr. Vaughn poses no danger and no flight risk.**

Mr. Vaughn does not pose any danger to any person or his community. The Government has never even hinted that he may. Nor is he a flight risk. He is an upstanding member of his community providing through his Tennessee Wireless business a much-needed service to under-served communities in rural Tennessee. He and his large family are long-time members of Heritage Presbyterian Church and of Hickman County, and he has every reason to remain and no reason to leave his much-beloved family and community. Mr. Vaughn has complied with all conditions of his pretrial release and gives no indication of varying that practice post-trial.

Where, as here, a defendant was not convicted of a violent crime, has complied with conditions of release, and has strong community and family ties, there exists clear and convincing evidence that he is unlikely to flee or pose a danger to the community if released pending appeal. *See*, *e.g.*, *United States v. McDuffie*, 451 F. Supp. 3d 281, 285 (S.D.N.Y. 2020); *United States v. Warshak*, No. 1:06-CR-00111 (S.D. Ohio. Mar. 13, 2008) (allowing defendant to remain free on bond and travel to San Diego from Ohio because of his compliance with pretrial services and lack of danger posed to the community); *United States v. Demmler*, 523 F. Supp. 2d 677, 684 (S.D. Ohio 2007) (finding no flight risk even where it was suggested that defendant had access to offshore accounts and counterfeit currency and documents); *United States v. Hart*, 906 F. Supp. 102, 105 (N.D.N.Y. 1995) (finding "little

appreciable risk" of flight by defendant who had complied with terms of release for over two years and that he was no danger to the community where although he had committed fraud, he had no means of perpetrating the offense again).

As noted in Mr. Vaughn's Sentencing Memorandum, the carafem clinic where the events giving rise to this action occurred is no longer extant, and abortion is now outlawed in the state of Tennessee. Moreover, Mr. Vaughn did not engage in any obstructive or confrontational conduct. He, like the defendant in *Hart*, lacks the means of perpetrating the crime again, even if he wanted to. He is a prime candidate for release pending appeal.

**Mr. Vaughn has substantial grounds for appeal.**

18 U.S.C. § 3143(b) further requires that the appeal is not undertaken merely for purposes of delay and that it raises a substantial question of law or fact likely to result in a favorable outcome. A substantial question is raised when it presents a "close question or one that could go either way" and the question "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Kincaid*, 805 Fed.Appx. 394, 395 (6th Cir. 2020) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)).

A substantial question is "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Roth*, 642 F. Supp. 2d 796, 798 (E.D. Tenn. 2009) (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). The trial court need not believe that the appeal will be decided in the defendant's favor; rather it need only be a question that could be resolved either way on appeal. *Pollard*, 778 F.2d at 1182. The result of such an appeal must also be likely to result in a reversal, an order

for a new trial, a sentence that does not include a term of imprisonment, or the like. Mr. Vaughn satisfies these requirements here.

Mr. Vaughn raises substantial questions on appeal. First, the constitutionality of the FACE Act itself after the Supreme Court's decision in *Dobbs v. Jackson Women's Health Clinic*, which overturned *Roe v. Wade* and *Planned Parenthood v. Casey*. That decision eviscerated the so-called federal right to abortion, which in turn was the "right" FACE sought to protect. In addition, *Dobbs* also further eroded the shaky commerce clause jurisdictional foundation on which FACE was enacted. Mr. Vaughn also challenges FACE as a content-based regulation of speech that does not survive strict scrutiny. If FACE is held unconstitutional on appeal, then obviously the conviction on Count 2 must be vacated, and in addition the entire theory on which Count 1 was predicated likewise collapses: a conspiracy to violate federal rights guaranteed under the FACE Act cannot exist where the FACE Act itself is declared void.

Second, the unprecedented use of the felony 18 U.S.C. § 241 conspiracy against rights against peaceful demonstrators whose underlying crime was a simple misdemeanor presents a strong issue on appeal. Additional support for the argument against its use here is supplied by the Supreme Court's very recent decision in *Fischer v. United States*, ___ (June 28, 2024). In *Fischer*, the Court held that the Government's broad interpretation of 18 U.S.C. § 1512(c)(2) against a defendant accused of obstructing an official proceeding on January 6, 2021 was improper. The Court observed that the Government's broad reading of the statute overrode "Congress's careful delineation of which penalties were appropriate for which offenses." Slip Op., 12. The High Court also counseled that the Government's "novel interpretation would criminalize a broad swath of prosaic conduct, exposing activists and

4

lobbyists alike to decades in prison" and could even result in "a peaceful protester" being charged under the statute and "fac[ing] a 20-year sentence." *Id*. at 14. Just so, the Government's "novel interpretation" of Section 241 *has* resulted in peaceful protesters like Mr. Vaughn facing a 10-year sentence. Mr. Vaughn's appeal undoubtedly raises substantial questions.

Again, Mr. Vaughn raises a substantial question regarding whether application of the FACE Act, even if it survives *Dobbs*, was constitutional given Vaughn's nonobstructive, nonconfrontational conduct on March 5, 2021. Guilt by association in the context of core First Amendment expressive activity such as Mr. Vaughn's has long been disfavored in our jurisprudence.

Mr. Vaughn has also challenged the selective prosecution and viewpoint discrimination evident in the Government's indicting him and his co-defendants for their peaceful conduct outside an abortion facility while turning a blind eye to hundreds of violent attacks on churches and pro-life pregnancy resource centers, which are also entitled to protection under FACE.

## CONCLUSION

For all of the foregoing reasons, Mr. Vaugn respectfully requests that this Court grant him release pending appeal, and for such other and further relief to which he may be entitled.

Respectfully submitted,

/s/ *Stephen M. Crampton*
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
(662) 255-9439
scrampton@thomasmoresociety.org

and

LARRY L. CRAIN, Esq.
5214 Maryland Way, Suite 402
Brentwood, TN  37027
(615) 376-2600
larry@crainlaw.legal
www.crainlaw.legal

*Attorneys for Paul Vaughn*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of July, 2024, a true and exact copy of the foregoing Motion for Release Pending Appeal was served on all parties of record via the CM/ECF electronic filing system.

/s/Stephen M. Crampton
Stephen M. Crampton

6