UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:22-cr-00327-6 |
| v. | ) | Judge Trauger |
| | ) | |
| PAUL VAUGHN | ) | |

**OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

COMES NOW the United States of America, by and through the undersigned counsel, in opposition to defendant Paul Vaughn's motion for release pending appeal (DE #666). Following convictions by a jury trial of violations of Title 18, United States Code, Sections 241 and 248(a), defendant was sentenced on July 2, 2024, to time served followed by three years of supervised release. (DE #667.) Notwithstanding the fact that defendant has not been detained and was not sentenced to a term of imprisonment, he now seeks "release" under Title 18, United States Code, Section 3143(b), pending his appeal. Because defendant is not facing a sentence that includes a period of incarceration and therefore is not subject to detention, Section 3143(b) is inapplicable. Even if it were applicable, relief under Section 3143(b) would not be appropriate in this case.

**ARGUMENT**

"The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). Pursuant to Section 3143(b)(1), a defendant "found guilty of an offense **and sentenced to a term of imprisonment**" must show all of the following: (1) by clear and convincing evidence that he is not likely to flee; (2) by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community; (3) the appeal is not for the purpose of delay; and (4) the

1

appeal raises a substantial question of law or fact likely to result in reversal or other favorable relief. 18 U.S.C. § 3143(b) (emphasis added); *see Chilingirian*, 280 F.3d at 709; *United States v. Vance,* 851 F.2d 166, 169 (6th Cir. 1988). These factors are conjunctive, and thus, the absence of any prong will prevent release.

**I.** **SECTION 3143(B) IS INAPPLICABLE BECAUSE DEFENDANT IS NOT FACING A CUSTODIAL SENTENCE AND IS THUS NOT SUBJECT TO DETENTION**

Defendant is not subject to detention under Section 3143(b) and thus his request for "release" should be denied as moot. While it does not appear that the Sixth Circuit has directly spoken to Section 3143(b)'s applicability to noncustodial sentences like the defendant's here (which is likely because defendants don't often seek "release" when they are not subject to incarceration), at least one district court in this Circuit has held Section 3143(b) inapplicable where detention was not ordered. *See United States v. Bibbins*, 113 F. Supp. 2d 1194, 1197 (E.D. Tenn. 2000). In *Bibbins*, the defendant, who was sentenced to probation with a period of two months to be spent in a community corrections facility, filed a motion for release pending appeal, apparently misinterpreting the probationary sentence as one of incarceration due to the two-month term in a halfway house. *Id.* at 1197. In rejecting the motion as inapposite, the court reasoned that Section 3143(b) was "inapplicable" because the defendant "was not sentenced to a term of imprisonment nor was he ordered detained." *Id.* at 1204;[1] *see also United States v. Kale*, 661 F. Supp. 724, 725-27 (E.D. Pa. 1987) (reasoning that Section 3143(b) could only offer relief on "the

---

[1] The court's decision is consistent with Sixth Circuit precedent that clearly distinguishes "official detention"—physical incarceration—from restrictive conditions of release, such as home detention. *See United States v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992) (reading 18 U.S.C. § 3585 in conjunction with 18 U.S.C. §§ 3141 and 3142 to lead to the conclusion that detention means physical incarceration); *see also United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (rejecting defendant's request for sentencing credit for time spent on appeal bond, which included restrictive conditions (GPS monitoring, curfew, restrictions on her movement and residence), because the conditions of release were not "detention" as they "did not rise to the level of physical incarceration").

2

count for which [defendant] was sentenced to a term of imprisonment," and not the count for which he was sentenced to "suspended imprisonment and placed . . . on five years probation").

Like *Bibbins*, defendant was not sentenced to a term of imprisonment and therefore his bail request under Section 3143(b) should be denied. Indeed, given that defendant is currently on release and will remain out of custody (assuming his supervised release is not revoked) for the remainder of his sentence, it is not entirely clear what relief defendant seeks by moving for "release" under Section 3143(b). If he is attempting to get out from under this Court's supervision during the duration of his appeal, Section 3143(b) will not accomplish that goal. An order of release under Section 3143(b) would place defendant on court supervision in accordance with Section 3142(b) or (c) of Title 18, under conditions that could end up being even more restrictive than his current conditions of supervised release. Because defendant is already on release and not subject to detention under Section 3143(b), this Court should deny defendant's motion under Section 3143(b) as inapposite.

## II.    DEFENDANT HAS FAILED TO RAISE A SUBSTANTIAL QUESTION OF LAW OR FACT

Even if this Court determined that Section 3143(b) applied to defendant, this Court should still deny his motion. Defendant has failed to identify in his motion any appellate issue that raises a substantial question of law or fact likely to result in reversal or other favorable relief. 18 U.S.C. § 3143(b) (emphasis added); *Chilingirian*, 280 F.3d at 709. An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.*

3

Here, an appeal, if defendant files one, will not present a substantial question of law or fact that is likely to result in reversal or a new trial.[2] In his motion, defendant recites a series of potential appellate issues he apparently intends to argue on appeal (*see* DE #666 at 4-5); however, virtually all of these arguments have already been presented to the district court and soundly rejected. (DE #282 (denying motion to dismiss indictment on grounds of selective prosecution, lack of jurisdiction, and the unconstitutionality of the FACE Act).) The only authority not previously cited for the Court is a reference in the motion to the Supreme Court's recent decision in *Fischer v. United States*, 603 U.S. ---, 2024 WL 3208034 (June 28, 2024), a case involving the interpretation of an entirely different statute. Defendant has failed to show how the Supreme Court's analysis of the proper scope of a residual clause criminalizing entirely different conduct would in any way impact the constitutionality of 18 U.S.C. § 241, or its application to the FACE Act. Defendant was not convicted of being an "activist or lobbyist," as he seems to suggest, nor of two different means of committing the same crime, as was at issue in *Fischer*. This Court has already thoroughly addressed the constitutionality of the FACE Act and rejected defendant's arguments as "without merit" (DE #282 at 12, 14, 30), "frivolous" (*id.* at 12), unsupported by controlling authority (*id.* at 19), based on notions of unfairness rather than statutory language (*id.* at 28), and "nonsensical" (*id.* at 31). It would be entirely inconsistent with this Court's prior order on these very issues for this Court to now find that defendant has raised a substantial question of law or fact likely to result in reversal or other favorable relief. 18 U.S.C. § 3143(b).

---

[2] Section 3143(b)(1)(B) also contemplates release if a substantial question of law or fact is likely to result in "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iii) & (iv). These two subsections are obviously not applicable to defendant, given his sentence of time served, and further illustrate the incongruity of using this statute to afford relief to a defendant who is not subject to detention.

4

**CONCLUSION**

Accordingly, for the reasons stated above, the United States respectfully requests that this Court deny defendant Paul Vaughn's Motion for Release Pending Appeal.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on July 12, 2024.

*s/ Nani Gilkerson*

NANI M. GILKERSON
Assistant United States Attorney
