# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CR-00327 |
| | ) | |
| [6]  PAUL VAUGHN | ) | Judge Trauger |

## DEFENDANT PAUL VAUGHN'S REPLY IN SUPPORT OF
## FOR RELEASE PENDING APPEAL

Defendant Paul Vaughn, through counsel, submits this reply in support of his motion to stay imposition of his sentence pending resolution of his appeal.

## ARGUMENT

The Government asserts that Section 3143 is inapplicable here because Mr. Vaughn was "not subject to detention". (Govt. Response, DE 672, at 2). The Government is mistaken. First, this Court imposed six months' home detention. Second, the Supreme Court has equated house arrest with a "form of detention," albeit in dicta. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (citing *Campbell v. McGruder*, 580 F.2d 521, 529 (D.C. Cir. 1978)). Thus, Mr. Vaughn is "subject to detention."

In addition, Fed. R. App. P. 9(b), which governs appellate review of a district court's ruling on a motion to stay or for release, looks to the Section 3143 factors to assess the propriety of the district court's decision. *See, e.g.*, *United States v. Cochran*, 640 F. Supp. 2d 934, 939 (N.D. Ohio 2009). Given that section 3143 governs analysis on appeal, it should also govern analysis here.

Mr. Vaughn seeks relief from the imposition of home detention, though a stay of the sentence pursuant to Fed. R. Crim. P. 38(d) may be appropriate here as well. The

source of the authority is of secondary importance; what matters is whether the requirements have been met. Under Rule 38(d), the factors are similar to those set forth in Section 3143, with one significant difference. The factors under Rule 38(d) are: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whethear movant will be irreparably harmed absent a stay; (3) whether other parties will be injured by the issuance of the stay; and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 432 (2009).

The second factor, irreparable harm, is not encompassed within Section 3143. Nonetheless, a defendant facing loss of personal liberty satisfies the irreparable harm prong. *E.g.*, *United States v. Aguirre*, No. 1:21-MJ-00094-SAB, 2024 WL 2301916, *4 (E.D. Cal. May 21, 2024) (defendant facing ten day sentence and requirement of attending Multi-Offender DUI Course "has demonstrated that he will suffer irreparable injury if the motion to stay is denied"). The likelihood of success factor is akin to Section 3143's second prong requiring the showing of a substantial question of law or fact likely to result in reversal. Likewise, the third and fourth prongs of the Rule 38 analysis are similar to the Section 3143 factors requiring a showing that the defendant is not likely to flee and does not pose a danger to the safety of others. These factors were not even challenged by the Government and have therefore been conceded. Accordingly, Mr. Vaughn satisfies the requirements of Rule 38 as well as those of Section 3143.[1]

As to the merits of Mr. Vaughn's motion, the Government dismissively asserts that he has not raised substantial questions of law or fact. (Govt. Resp. at 3-4). But the

---

[1] Perhaps these similarities explain why some defendants file a motion citing both of these rules. *See*, *e.g.*, *United States v.* Fisher, 55 F.3d 481, 485 (10th Cir. 1995); *United States v. Nelson*, No. 4:17-CR-131-1, 2023 WL 3721340, at *2 (N.D. Miss. May 30, 2023).

Government's argument essentially reduces itself to the fact that Vaughn was unsuccessful in his motion to dismiss, and therefore he must not have any substantial question of law on appeal. But the Government fails to acknowledge that the issues raised here are effectively *res nova*, due to the Supreme Court's decision in *Dobbs v. Jackson Women's Health Clinic*, 597 U.S. 515 (2022). Many of the issues raised by Vaughn have never been addressed post-*Dobbs*. And as to *Fischer v. United States*, decided only two weeks ago, the Government engages in no real analysis or discussion of it other than to say that it involved a different statute (which itself is of no moment). (Govt. Resp. at 4). These issues in fact raise substantial questions of law, to say nothing of questions of fact and the application of 18 U.S.C. § 241 to peaceful acts of civil disobedience for the first time in our nation's history. Mr. Vaughn satisfies the requirements of both § 3143 and of Rule 38(d).

**CONCLUSION**

For all of the foregoing reasons, Mr. Vaugn reurges his request that this Court grant him release pending appeal or stay the sentence altogher, and for such other and further relief to which he may be entitled.

3

Respectfully submitted,

/s/ *Stephen M. Crampton*
STEPHEN M. CRAMPTON
Thomas More Society
P.O. Box 4506
Tupelo, MS  38803
(662) 255-9439
scrampton@thomasmoresociety.org

and

LARRY L. CRAIN, Esq.
5214 Maryland Way, Suite 402
Brentwood, TN  37027
(615) 376-2600
larry@crainlaw.legal
www.crainlaw.legal

*Attorneys for Paul Vaughn*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2024, a true and exact copy of the foregoing Reply in Support of Motion for Release Pending Appeal was served on all parties of record via the CM/ECF electronic filing system.

/s/Stephen M. Crampton
Stephen M. Crampton

4