UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:22-cr-00327-10 |
| v. ) | Judge Frensley |
| ) | |
| JAMES ZASTROW ) | |

### SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES

Comes Now the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to defendant James Zastrow. But for the sentencing disparity it would create with other defendants in this case, the government would submit that a sentence of three months of incarceration and no fine would be sufficient but not more than necessary to satisfy the objectives of sentencing. However, recognizing the disparity such a sentence would create given the downward variances applied by the District Court in the sentencings of more culpable defendants to date, the government submits that the Court should sentence the defendant to three years of probation with the first four months spent on home detention.

### APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

The defendant was convicted of a Class B misdemeanor count. Sentencing guidelines do not apply to a count of conviction that is a Class B or C misdemeanor. U.S.S.G. §§ 1B1.2(a), 1B1.9. Although the sentencing guidelines do not apply to determining the appropriate sentence in this case, the 18 U.S.C.§ 3553(a) factors remain applicable. *See United States v. Sharpton*, 252 F.3d 536, 540-41 (1st Cir. 2001); *United States v. Bichsel*, 156 F.3d 1148, 1151 (11th Cir. 1998).

1

Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

I. **The Nature and Circumstances of the Offense and Characteristics of the Defendant**

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The core facts of this case are that the defendant and others blockaded the entrance of a reproductive health clinic in Mount Juliet, Tennessee, for over two and half hours on March 5, 2021. The blockade completely prevented patients and employees from accessing the clinic during that time, and kept several employees trapped inside the clinic.

The blockade did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office, the main entrance to which was visible in defendants' video recordings.

During the course of this blockade, the defendant personally obstructed the patient entrance to the clinic, ignored repeated instructions from law enforcement officers to leave the building, and ultimately did not leave until he was arrested by Mount Juliet police officers.

Because only a limited presentence report was prepared in this case, the government has little insight into the characteristics of the defendant. He does not reside in Tennessee and instead, according to trial testimony, travelled to Tennessee to carry out this crime. He appears to have

participated in similar conduct at least once before, based on the presentence report. He is young and has generally complied with conditions of release, with the exception of his arrest in Missouri on allegations unrelated to his offense here.

**II.     Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment**

Section 3553(a) also directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). This was a serious offense borne out of a lack of respect for the law. It was flagrant, recorded, and livestreamed over the internet to train others to carry out their own unlawful blockades. It was traumatic for the patients and employees, two of whom testified at trial to the fear and anxiety they felt during and after they encountered the defendant and his co-defendants. And it went on for over two and half hours, despite repeated lawful instructions by law enforcement officers to leave. The United States relies chiefly on these facts and the need for deterrence in contending that a custodial sentence would be appropriate in this case were it not for the sentencing disparity that would result given the noncustodial sentences already imposed against co-defendants convicted of a more serious felony offense.

**III.    Deterrence and Protection of the Public from Further Crimes**

Deterrence is the primary goal of the government's requested sentence in this case. Protecting the public and deterring additional criminal conduct is another factor that courts are directed to consider under Section 3553(a)(2)(B)-(C). The sentence in this case should send a clear message to the defendant that he must only act on his views through the many lawful and constitutionally protected means that are available to all.

Again, but for the sentencing disparity that would result in this case, this factor favors a custodial sentence. Such a sentence would send a clear and unequivocal message that obstructing

3

lawful access to reproductive health services will result in a more severe sentence than that typically associated with state trespassing offenses.

IV. **Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity**

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., and a need for unwanted sentencing disparity and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this defendant's charged conduct. The United States has complied with the requirements of the Crime Victims' Rights Act and asks the Court to take judicial notice of the statement of the reproductive health clinic, read into the record during the sentencing of defendant Paul Vaughn on July 2, 2024, and the statement of a patient of the clinic, read into the record during the sentencing of defendant Calvin Zastrow on July 3, 2024.

The government's final sentencing recommendation accounts for the defendant's relative responsibility and culpability compared with the other defendants convicted in this case. The seriousness of the offense and the need for deterrence support a term of incarceration. However, the government recognizes that, in light of the significant downward variances applied by the District Court to co-defendants convicted of a felony offense, such a sentence could result in an unwarranted sentencing disparity within the case. The four felony defendants who proceeded to trial and have been sentenced so far received sentences of five years of probation with six months on home detention and a fine of $10,000 (defendant Coleman Boyd), time served followed by

4

Case 3:22-cr-00327   Document 701   Filed 07/25/24   Page 4 of 7 PageID #: 5431

three years of supervised release with six months on home detention (defendants Dennis Green and Paul Vaughn), and six months of incarceration followed by three years of supervised release with six months on home detention (Calvin Zastrow).

The Court should not only look to the sentences of these co-defendants who were convicted of a felony but also to the sentence of Caroline Davis, who pleaded guilty to two Class B misdemeanors and testified at both trials in this matter. Ms. Davis was sentenced to three years of probation. To avoid the unwarranted disparity that would result if the defendant received a lesser sentence than Ms. Davis—who cooperated with the government—the government urges the Court to impose as a condition of defendant's probation four months on home detention.[1]

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the defendant to three years of probation with the first four months on home detention.

        Respectfully submitted,

        HENRY C. LEVENTIS
        United States Attorney
        Middle District of Tennessee

        *s/Nani Gilkerson*
        NANI GILKERSON
        Assistant United States Attorney
        791 Church St, Suite 3300
        Nashville, Tennessee 37203
        Phone: 615-401-6624

---

[1] The Court is also required to impose a mandatory special assessment of $10. 18 U.S.C. § 3013(a)(1)(A)(ii).

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on July 25, 2024.

*s/ Kyle Boynton*
KYLE BOYNTON
Trial Attorney
