UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:22-cr-00327-1 |
| ) | JUDGE TRAUGER |
| CHESTER GALLAGHER ) | |

**CHESTER GALLAGHER'S SENTENCING POSITION**

COMES the Defendant, CHESTER GALLAGHER, by and through undersigned counsel and hereby notifies this Court that he has one objection to the advisory sentencing guideline range as calculated in the Presentence Investigation Report (PSR) dated September 17, 2024. Mr. Gallagher further submits that a departure (or variance) from the advisory guideline range may be appropriate based upon his age (U.S.S.G. § 5H1.1) and physical condition (U.S.S.G. § 5H 1.4).

Specifically, Mr. Gallagher objects to the two-point vulnerable victim enhancement imposed pursuant to U.S.S.G. § 3A1.1(b)(1). With the enhancement, his advisory guideline range is 27-33 months. based upon a total offense level of 18 and criminal history category of I. Without the enhancement, his advisory range drops to 21-27 months corresponding to a total offense level of 16 and criminal history of I.

Mr. Gallagher's sentencing memorandum requests a sentence of time served followed by a period of supervised release or probation with home confinement. In light of the objection to the vulnerable victim enhancement, plus the warranted departure or variance based upon Mr. Gallagher's age and physical health issues, the requested sentence is sufficient but no greater than necessary to further the sentencing objectives outlined in Title 18 U.S.C. § 3553(a).

Additionally, Mr. Gallagher strikes the objections pertaining to the factual allegations outlined in paragraphs 6, 10, 14, 15, and 30 that are listed in the addendum to the September 17, 2024 PSR.

## ANALYSIS

### I.

### THE VULNERABLE VICTIM ENHANCEMENT DOES NOT APPLY HERE[1].

The U.S. Probation Office has assessed a two-point vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) because Patient A was pregnant at the time she encountered the rescuers outside the Carafem Clinic in Mt. Juliet on March 5, 2021 (PSR 29). Patient A testified at trial that she felt overwhelmed, scared and violated by the rescuers' actions on March 5, 2021.

The Application Notes and commentary for § 3A1.1(b)(1) explain that a vulnerable victim is a person who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." "An unusually vulnerable victim is one who is 'less able to resist than the typical victim of the offense of conviction.'" *United States v. Castaneda*, 239 F.3d 978, 980 (9th Cir. 2001). In cases applying this enhancement where a victim is pregnant, the enhancement has been applied where the conduct was more egregious than the engaging of the pregnant woman in this case in order to offer alternatives to terminating a pregnancy. *See e.g., United States v. James*, 139 F.3d 709, 714 (9th Cir. 1998)("The district court did not classify the [victim] as unusually vulnerable simply because she was pregnant."); *United States v. Cline*, 986 F.3d 873 (5th Cir. 2021)(vulnerable victim enhancement applied where the

---

[1] Mr. Gallagher is aware of this Court's previous rulings overruling this objection when raised by his codefendants and raises this objection to preserve it for the record.

defendant engaged in the "false imprisonment, strangulation, harassment involving an assault of a pregnant victim, and a violent crime with the use of a weapon").

In this case, the rescuers were attempting to engage with potentially pregnant women to persuade the potentially pregnant woman to consider alternatives to abortion. Recognizing the decision of whether or not to terminate a pregnancy is an emotional and difficult one, the rescuers here sought to engage with Patient A in a manner that while uninvited was also peaceful and non-confrontational – two young women approached Patient A while the others stood back and watched. The rescuers' actions towards a potentially pregnant Patient A sought to preserve the life of an unborn child and never threatened any form of violence. Moreover, the rescuers did not even know for certain that Patient A was pregnant. Therefore, the two-point enhancement for vulnerable victim should not apply in this case.

## II.

### A DEPARTURE BASED UPON MR. GALLAGHER'S AGE AND HEALTH ISSUES IS WARRANTED HERE.

For the record, and for the specific reasons outlined in his contemporaneously filed and sealed sentencing memorandum, Mr. Gallagher maintains, along with the U.S. Probation Office (*see* PSR ¶103), that an additional departure from the advisory guideline range may be warranted based upon the following:

Mr. Gallagher's **age** as recognized by U.S.S.G. § 5H1.1;

Mr. Gallagher's **physical conditions** as recognized by U.S.S.G. § 5H1.4.

Mr. Gallagher incorporates the arguments set forth in his sealed sentencing memorandum and requests that the Court consider a significant variance or departure from the advisory sentencing guideline range based upon his age and his physical conditions or health issues.

3

## CONCLUSION

Based upon the foregoing, the two-point vulnerable victim enhancement should not apply and Mr. Gallagher's advisory guideline range, prior to the consideration of any additional departures should be adjusted to reflect a final offense level of 16, coupled with a criminal history category I, and an advisory guideline range of 21-27 months. Additionally, and for the reasons set forth more fully in Mr. Gallagher's sealed sentencing memorandum, a departure (or variance) based upon Mr. Gallagher's age and physical conditions is warranted. The requested time served sentence followed by home confinement as a condition of supervised release or probation is sufficient but not greater than necessary to further the objectives outlined in Title 18 U.S.C. section 3553(a).

Respectfully submitted,

___s/ **Jodie A. Bell**_____
JODIE A. BELL, No. 18336
214 Second Avenue North, Suite 208
Nashville, TN 37201
(615) 953-4977
(615) 928-1901  facsimile
jodie@attorneyjodiebell.com

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing Position was filed electronically and served on the following by the EF/CME electronic filing system:

**WILLIAM CONWAY**
214 Second Avenue North, Suite 208
Nashville, TN 37201
((615)260-5363
wjconway@gmail.com
Attorney for Heather Idoni


**NANI GILKERSON**
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
(615) 736-5151
amanda.klopf@usdoj.gov
Representing **USA** (*Plaintiff*)


**KYLE BOYNTON**
**WILFRED BEAYE**
Department of Justice
150 M Street NE
Washington, DC 20002
(202) 598-0449
Representing **USA** (*Plaintiff*)

       This the 19th day of September 2024.

                             /s/ Jodie A. BEll
                             JODIE A. BELL