UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:22-cr-00327-8 |
| v. ) | Judge Frensley |
| ) | |
| EVA EDL ) | |

**SENTENCING MEMORANDUM ON BEHALF OF THE UNITED STATES**

COMES NOW the United States of America, by and through the undersigned counsel, and submits this sentencing memorandum with respect to defendant Eva Edl. Given the defendant's advanced age, the government submits that a sentence of three years of probation is sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

**APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)**

The defendant was convicted of one count of violating 18 U.S.C. § 248 for obstructing the entrance to a reproductive clinic. Her conviction has a statutory maximum sentence of six months of imprisonment, making this a Class B misdemeanor. 18 U.S.C. §§ 248, 3559(a)(7). Sentencing guidelines do not apply to a count of conviction that is a Class B misdemeanor. U.S.S.G. §§ 1B1.2(a), 1B1.9. Although the sentencing guidelines do not apply to determining the appropriate sentence in this case, the 18 U.S.C.§ 3553(a) factors remain applicable. *See United States v. Sharpton*, 252 F.3d 536, 540-41 (1st Cir. 2001); *United States v. Bichsel*, 156 F.3d 1148, 1151 (11th Cir. 1998).

Section 3553(a) directs the Court to consider the sentence in light of several factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote

1

respect for the law, and provide just punishment; and (3) the need for adequate deterrence of criminal conduct and the protection of the public. 18 U.S.C. § 3553(a). Section 3553(a) then requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with these purposes. *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

## I. The Nature and Circumstances of the Offense and Characteristics of the Defendant

The first § 3553(a) factor courts consider is the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The core facts of this case are that the defendant and others blockaded the entrance of a reproductive health clinic in Mount Juliet, Tennessee, for over two and half hours on March 5, 2021. The blockade completely prevented patients and employees from accessing the clinic during that time and kept several employees trapped inside the clinic.

The blockade did not just disrupt the reproductive health clinic. The entire medical pavilion was affected, most notably the other medical offices on the same floor as the clinic, including an orthodontist's office, the main entrance to which was visible in defendants' video recordings.

During the course of this blockade, the defendant personally obstructed the patient entrance to the clinic, ignored repeated instructions from law enforcement officers to leave the building, and ultimately did not leave until she was arrested by Mount Juliet police officers.

Because only a limited presentence report was prepared in this case, the government has little insight into the characteristics of the defendant. She does not reside in Tennessee and instead, according to trial testimony, travelled to this state to carry out this crime. She appears to have participated in similar conduct several times before, based on the presentence report. She is 89 years old.

2

## II. Seriousness of the Offense, Promotion of Respect for the Law, and a Just Punishment

Section 3553(a) also directs the sentencing court to consider the need for the sentence "to reflect the seriousness of the offense, promote respect for the law, and to provide for a just punishment." 18 U.S.C. § 3553(a)(2)(A). This was a serious offense borne out of a lack of respect for the law. It was flagrant, recorded, and livestreamed over the internet to train others to carry out their own unlawful blockades. It was traumatic for the patients and employees, two of whom testified at trial to the fear and anxiety they felt during and after they encountered the defendant and her co-defendants. And it went on for over two and half hours, despite repeated lawful instructions by law enforcement officers for the blockaders, including the defendant, to leave.

## III. Deterrence and Protection of the Public from Further Crimes

This is the defendant's first conviction for violating 18 U.S.C. § 248, but the government notes with concern that it appears from the presentence report that the defendant has engaged in similar misconduct on other occasions. While the government has requested home confinement sentences for other defendants in this case to further the goals of deterrence and protection of the public under Section 3553(a)(2)(B)-(C), the government does not request that sentence here based solely on the Defendant's advanced age of 89 years.

## IV. Issues with the Sentence, Policy Considerations, Restitution, Sentencing Disparity

The remainder of the factors described in Section 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the Sentencing Commission, and a need for unwarranted sentencing disparity and restitution. The United States submits that the recommended sentence is below the statutory maximum for these offenses and that there are no amendments to the Guidelines or relevant federal statutes that apply to this defendant. The United States notes that this sentence is

3

Case 3:22-cr-00327    Document 754    Filed 09/23/24    Page 3 of 6 PageID #: 6774

not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning this defendant's charged conduct. The United States has complied with the requirements of the Crime Victims' Rights Act and asks the Court to take judicial notice of the statement of the reproductive health clinic, read into the record during the sentencing of defendant Paul Vaughn on July 2, 2024, and the statement of a patient of the clinic, read into the record during the sentencing of defendant Calvin Zastrow on July 3, 2024.

## CONCLUSION

WHEREFORE, based upon the factors set forth in Section 3553(a), the United States respectfully requests this Court sentence the defendant to three years of probation.[1]

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

*s/Nani Gilkerson*
NANI GILKERSON
Assistant United States Attorney
791 Church St, Suite 3300
Nashville, Tennessee 37203
Phone: 615-401-6624

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

*s/Kyle Boynton*
KYLE BOYNTON
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530

---

[1] The Court is also required to impose a mandatory special assessment of $10. 18 U.S.C. § 3013(a)(1)(A)(ii).

4

Phone: 202-598-0449
Kyle.Boynton@usdoj.gov

*s/Wilfred T. Beaye, Jr.*
WILFRED T. BEAYE, JR.
Trial Attorney
950 Pennsylvania Ave. NW
Washington, DC 20530
Phone: 771-333-1681
Wilfred.Beaye@usdoj.gov

# CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on September 23, 2024.

*s/ Kyle Boynton*
KYLE BOYNTON
Trial Attorney
