Nos. 24-5615/5640/5643/5647/5913/5928

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Mar 5, 2025

KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|      ) | |
|        Plaintiff-Appellee,      ) | |
|      ) | |
| v.      ) | O R D E R |
|      ) | |
| PAUL VAUGHN [No. 24-5615],      ) | |
| DENNIS GREEN [No. 24-5640],      ) | |
| CALVIN ZASTROW [No. 24-5643],      ) | |
| COLEMAN BOYD [No. 24-5647],      ) | |
| CHESTER GALLAGHER [No. 24-5913],      ) | |
| HEATHER IDONI [No. 24-5928],      ) | |
|      ) | |
|        Defendants-Appellants.      ) | |

Before: GILMAN, GIBBONS, and BLOOMEKATZ, Circuit Judges.

In these consolidated matters, defendants Paul Vaughn, Dennis Green, Calvin Zastrow, Coleman Boyd, Chester Gallagher, and Heather Idoni appeal their judgments of conviction for conspiracy to obstruct access to a clinic providing reproductive health services and violation of the Freedom of Access to Clinic Entrances Act. The government moves to vacate Defendants' convictions, and to remand for dismissal with prejudice of the indictment, because each defendant received a full and unconditional pardon from President Trump for their convictions. Boyd responds to clarify that he consents to remand, provided that the district court is instructed to vacate his judgment and dismiss the indictment because his judgment is null and void as a matter of law. Vaughn initially opposed remand, but has since withdrawn his response in opposition.

"The government may, with leave of court, dismiss an indictment . . . ."  Fed. R. Crim. P. 48(a); *cf. United States v. Connell*, No. 21-0084, 2025 WL 326590, at * 4 (D.D.C. Jan. 29, 2025) ("Rule 48 does not apply . . . where a defendant's convictions are final, not directly appealable, and subject only to collateral attack." (quoting *United States v. Herrera*, No. 21-0619, Minute Order (D.D.C. Jan. 22, 2025))).  Generally, we have "some discretion" in considering the motion. *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam).  But "[b]ecause the present mootness results not from any voluntary acts of settlement or withdrawal by [Defendants], but from the unpredictable grace of a presidential pardon, vacatur is here just and appropriate" regardless of whether the pardon addresses defendants' guilt or innocence.  *See United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (en banc) (per curiam).

Accordingly, the motion to vacate and remand is **GRANTED**.  Defendants' judgments of conviction are **VACATED**, and their appeals are **REMANDED** with instructions to the district court to dismiss Defendants' cases.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk